*Chittenden,*
*December,*
*1825.*

RODNEY DURKEE, defendant below, *vs.* BARTLETT MAHONEY, plaintiff below.—*IN ERROR.*

To constitute a valid sale, as against creditors, it is necessary that there be, not only a valuable, but an adequate consideration ; and also, that there be a change of possession.

A want of a valuable and adequate consideration, will render a sale void, as against creditors, notwithstanding a transfer of possession, if the vendor have not other property, sufficient to meet his debts.

So, if the charge, use and possession remain with the vendor, the law presumes the sale to be merely colourable, made to avoid the debts of the vendor, and not *bona fide.*

But a transfer of estate, without any valuable consideration, is good, even against creditors, if the vendor retain estate amply sufficient to supply his necessities, and satisfy his creditors.

In cases of fraudulent sales, it is the duty of the Court not only to instruct the jury in the law, and also the facts they are to find ; but particularly to point out what testimony will constitute the proper evidence of such facts.

Instance of a fraud *in fact.*

*Bartlett Mahoney* brought his action of tresspass before a justice of the peace, against *Rodney Durkee,* for taking and driving away twenty-four swine, alleging them to be his property, and

of the value of one hundred dollars; which action was appealed
to Chittenden county court, and there tried, upon the general
issue, at their February term, 1825. A verdict was returned
for the said Mahoney, whereupon, before judgment, the defend-
ant below filed the following bill of

### EXCEPTIONS.

On the trial, the plaintiff proved the taking of the swine, as
alleged in the declaration, and gave in evidence, the testimony
of one *Abraham Moulton*, who testified, that about two weeks
previous to the taking of the swine, the said swine were at the
barn of one *John Pierson*, near his house, and were the property
of the said John Pierson; that the said John Pierson owned and
occupied a distillery about a mile from his house, to which was
attached a sty, that had been used by the said John Pierson for
the purpose of keeping his swine, fed from said distillery; that
the plaintiff was there, in the employment of said John Pierson,
as a distiller, and had been employed by him, that season, about
two months; that the plaintiff expressed to the said John Pier-
son, apprehensions that he should lose his pay; that the said
Pierson and the plaintiff agreed, that the plaintiff had laboured
for the said Pierson, as a distiller, two or three years, and that
Pierson was indebted to the plaintiff in a considerable sum, but
how much, the witness did not learn; that the plaintiff held
notes against said John Pierson, but to what amount, the witness
did not know; that the said John Pierson then sold to the plain-
tiff twenty-four swine, the same sued for in this action, at four
dollars for each swine; that notes were given up by said plain-
tiff to said Pierson, but what were the amount of said notes, the
witness did not know, and witness did not know that any receipt
was given by plaintiff, or that any credit was given for said swine,
or any part of them; that said swine were then marked by cut-
ting off the ear, but witness did not know that the mark was the
plaintiff's mark; that Mahoney asked Pierson what he would
ask to keep the said swine at his distillery, and feed them with
the wash, &c. from the distillery, and he replied, on as good
terms as any other distiller would keep them; to which the
plaintiff assented, and the hogs were driven to the distillery,
and kept in said Pierson's sty, and fed from the distillery by the
plaintiff, (who was then in said Pierson's employ, as a distiller,)
until they were taken away by the defendant.

The defendant then proved that said swine were taken, as set
forth in the said writ, by virtue of a writ of attachment, in fa-
vour of Rodney Durkee and Ziba Durkee, and that the said
Rodney and Ziba were creditors of the said John Pierson, as set
forth in the said writ, and also gave in evidence, the testimony
of *George Peaslee, Esq.* who testified, that some time in Novem-
ber, 1823, he went to the distillery of said Pierson, for the pur-
pose of attaching property, on writs against said Pierson; that
he found in the sty attached to said distillery, 25 or 30 hogs; that
he inquired of said distiller whether they were the property of

*Chittenden,*
December,
1825.

Durkee
*vs.*
Mahoney.

said Pierson, and he declared they were; that the witness attached them as the property of said Pierson, and they were not claimed by any other person.   Upon this testimony, the defendant's counsel requested the Court to charge the jury, that there was no evidence competent, in point of law, to prove that the sale of said hogs, by said *John Pierson* to the plaintiff, was *bona fide,* and for a valuable consideration: and that the testimony to the declarations of said *John Pierson,* and of the plaintiff, was improper, and ought not to be considered by the jury.

2d.  That the sale of personal property, without a change of possession, was fraudulent in law, and void as against creditors; and that, in this case, there was no evidence tending to prove that such a change of possession was made, as would enable the plaintiff to sustain this action against the defendant.   But the Court refused so to charge the jury; but did charge them, that if they found the plaintiff had purchased the swine, as aforesaid, of the said John Pierson, *bona fide,* and for a valuable consideration, and took actual possession of the same, before the attachment by the defendant, that the plaintiff was entitled to recover: to which charge of the Court, the defendant excepted.

The bill of exceptions being allowed, and signed by the court, this writ of error was brought; and the errors assigned were,                                       .

1.  That the said court refused to charge the jury according to the request of the defendant's counsel, as set forth in the bill of exceptions; and omitted to charge the jury, that the testimony to the declaration of the said Pierson, and the plaintiff in said suit, were improper, and ought not to be considered by the jury.

2.  The common error.

*Brayton,* for the plaintiff in error, contended, 1st, that, as it was not contended that the 24 hogs, at $4 each, equal to $96, were sold for the two months' labour of the plaintiff below, if there was no evidence of any other consideration, it was the duty of the court to have charged the jury, that the sale was not *bona fide,* for want of consideration.

2.  That, wherever a witness inadvertently, or by design, gives illegal testimony, it becomes the duty of the court (upon request), to charge the jury, that such testimony is not evidence. In this case, in order to prove a *bona fide* sale, the witness related the declarations of John Pierson, and the plaintiff himself. If such declarations are evidence of a previously existing debt, the evidence can never be rebutted, and every sale must be established.   The declarations of Pierson were inadmissible, because he might have been a witness, and if any previous debt existed, he could have proved it.   The declaration of the plaintiff himself was inadmissible.

3.  That, admitting the testimony of the plaintiff's witness to be true, no facts are proved, which constitute a change of possession, sufficient to render the sale valid in law.   It was the duty

of the court to instruct the jury whether the testimony, if true, proved a change of possession sufficient to establish the sale, which they refused to do.

4. That a change of possession is necessary, in order to render a *bona fide* sale valid, as against creditors.

*Adams*, for the defendant in error, contended, that the testimony of the conversations of Mahoney and Durkee was properly admitted; that the Court will not examine the testimony for the purpose of ascertaining whether, in their opinion, it was sufficient to prove the facts found by the jury : whether Mahoney had bought the hogs, *bona fide*, and paid a valuable consideration, and whether he took actual possession of them, were questions properly submitted to the jury; and they have found that he did. He was persuaded the evidence would be considered as fully establishing the facts; but if this Court, on that point, should differ from the jury, the statute prohibits a re-examination.

By the charge of the Court, the jury were instructed to inquire whether he had taken actual possession of the hogs, and they have found that he had. The charge and the finding are both sufficient. If he took actual possession of them, it was sufficient; although they might have remained upon some part of *Pierson's* farm. In order to change the possession, it was not necessary to drive the hogs from *Pierson's* farm; but it appears they did drive them one mile; and, if this is not sufficient, it would not have been sufficient to have driven them out of town. If *actual* possession is not sufficient, it is difficult to determine what would be.

The opinion of the Court was delivered by

SKINNER, Ch. J. From the record we learn, that Pierson was the former owner of the swine, for the taking and conversion of which this action was brought. Mahoney, (the plaintiff below), relied on showing in evidence, a purchase by himself, of Pierson—Durkee, (the defendant below), contended, that the plaintiff had failed in proving that adequate consideration, required by law, to make the sale valid, against the creditors of Pierson; and also, that if the sale had been otherwise valid, there was not that evidence of a transfer of the possession, which would protect the property from attachment by Pierson's creditors : and the Court were requested to charge the jury, upon the law applicable to these points in the case.

To constitute a valid sale against creditors, it is necessary that there should not only be a valuable, but an adequate consideration : and also, that there should be a change of possession. A want of such consideration, will render the sale void, notwithstanding a transfer of the possession.

Although a full and adequate consideration is proved to have been paid; yet, if the charge, use, and possession, remain as before, with the vendor, the law presumes the sale to be merely colourable, made to avoid the debts of the vendor, and not *bona*

Chittenden,
December,
1825.

Durkee
vs.
Mahoney,

*fide.* Admitting the possession of the swine to have been in Mahoney, at the time of the attachment by Durkee, the circumstances of Pierson, *i. e.* his ability to pay his debts, without the aid of this property, is material---for a transfer of property, without any valuable consideration, is good, even against creditors, the vendor retaining estate amply sufficient to supply his necessities, and satisfy his creditors. On this point it seems no question was made; and it is presumed the insolvency of Pierson was, as we now understand it to be, admitted.

It is insisted, that if from the record, the Court should be of opinion, that the weight of testimony was opposed to the finding of the jury; for this cause, judgment is not to be reversed. This is correct; nor would it be the duty of the Court to reverse a judgment, if from the record in the case, it appears that the verdict is right, although the judge may have erred in the charge; as, where facts sufficient to sustain the verdict, are admitted, or where the point was not material. As a correct charge would have produced the same result, to set aside the judgment, would be to trifle with the administration of justice. But where the question is, as in this case, whether the testimony given amounts to proof of such facts, as are necessary to entitle the party to a verdict, it is the duty of the judge, not only to instruct the jury in the law, and also the facts they are to find, but particularly to point out what testimony will constitute the proper evidence of such facts. From the record it appears, that the jury were instructed generally, that the sale was valid, if they found it to have been *bona fide*, and for a valuable consideration; and that the plaintiff took possession before the attachment. From this charge the jury were at liberty to consider the possession of the plaintiff sufficient, from the evidence given of the acts of the parties, at the time of the sale, although they should believe the possession to have been in Pierson, at the time of the attachment.

It was the duty of the judge to have explained to the jury, what facts were necessary to constitute a *bona fide* sale, and what was a valuable consideration. The jury were at liberty, from this charge, to take the declarations of the parties as conclusive evidence of the sale's having been *bona fide*: and a valuable consideration, however trifling and inadequate, would have justified a verdict for the plaintiff, under the charge. The vague testimony of Moulton, about the notes, and the declarations of the parties, as to the prior services of Mahoney, ought not to have been suffered to go to the jury, as competent and sufficient proof of the facts, necessary for the plaintiff to show in the case. Indeed, the only consideration proved, was the two months' labour: and this, though a *valuable* consideration, was not, even in the opinion of the plaintiff, adequate and sufficient to protect him in the purchase. Twenty-four swine, valued at ninety-six dollars, are attempted to be transferred from Pierson, who is in embarrassed circumstances, to his hired man, Mahoney, who has laboured for him two months. The swine

Chittenden,
December,
1825.

Durkee
vs.
Mahoney.

continue upon the premises of Pierson, and are fed at his distillery. No certain price is agreed upon for the keeping—no account or charge is made of the property transferred, or receipt given therefor. We believe the record presents a case of a sale fraudulent in point of fact, and that the verdict would have been for the defendant, if the jury had been rightly instructed. At any rate, as it is uncertain, what facts the jury considered necessary, to entitle the plaintiff to a verdict, or what would have justified the defendant, in taking the property,

The judgment must be reversed.

*Wm. Brayton*, attorney for the plaintiff in error.

*Chas. Adams*, attorney for the defendant in error.