## L. F. WILBUR, ADMR. *v.* HENRY E. NICHOLS ET AL.

*Fraudulent Conveyance. Gift, when Void as to Creditors. Lease, when Rent Collectable under Void.*

1. Conveyance upon an inadequate consideration, or upon no consideration, is not void as to creditors, provided the grantor has remaining property sufficient with which to pay his debts.

2. The question of solvency must be determined as of the date of the conveyance, and no unforeseen contingency, like the death of the grantor and an expensive administration, should be considered.

3. Where a deed is to become operative upon the termination of a lease for three years to the grantee then existing, such grantee is liable for the rent reserved in the lease, if he actually occupies the premises, although the lease was in parol. He cannot refer his occupancy to the deed.

This was a bill in chancery brought by the orator as the administrator of James Nichols to set aside a deed dated November 10, 1884, from the said James to the defendants, on the ground of undue influence and mental incapacity and for the further reason that the same was without consideration and void as to the creditors of the estate.

The case was heard at the September Term, 1887, upon bill, answer, master's report and exception thereto. Tyler, Chancellor, dismissed the bill with costs. The orator appealed.

In 1872, James Nichols married Mary E. Nichols and lived with her on the farm conveyed by this deed until shortly before the conveyance. The defendants were the children of James by a former wife. The master found that there was no undue influence and that the said James was mentally competent when he executed the deed.

The premises conveyed were worth about $9,000. They were encumbered by a mortgage then amounting to some $3,333. There was no consideration for the conveyance, except the assuming of this mortgage by the grantees and the surrender of notes held by the defendant Henry E. against the grantor to

the amount of $1,000. James died December 23, 1884, and there were proved against his estate debts amounting to about $1,200, of which $1,100 existed at the time of the conveyance, and he then owed no other debts.

The master found that James had remaining after the said conveyance, property of the value of more than $1,100, but that the expenses of administration had been such, that although the orator had prudently disposed of said property, and prudently administered the estate, there was in his hands nothing with which to pay the aforesaid debts, unless the claim against Henry E. for rent was available.

When he left the farm in question James had leased the larger part of it, with the personal property on it, to the defendant Henry E., at an annual rental of $750. The terms and conditions of this lease had been fully agreed upon, and reduced to writing, but the written agreement had never been signed by the parties. Henry had gone into possession, and paid one year's rent to James, and was in possession when the deed in suit was executed and when James died. He continued to occupy the premises for the remainder of the term, but claimed to hold after the death of James under the deed and not under the lease. The deed was made " subject to the lease of the same and the farm to the said Henry E. Nichols."

As to the effect of the conveyance upon the creditors of James, the master found :

"The orator requests me to find that said deed to the defendants is fraudulent and void against the widow and the administrator of said estate, and the creditors thereof. As far as concerns the widow, the facts on this point are stated in my report in a case in her favor against these defendants, now pending in the Court of Chancery in Chittenden County, which is referred to and made a part of this report. If it is a matter of fact for the master to find, I do not affirmatively find that any of the parties to said deed (No. 10) had any fraudulent intent as to the said James Nichols' creditors when said deed was executed and delivered, as hereinbefore stated; but if it is a question of law,

(28)

I refer this question to the court for determination on the facts herein reported, as a matter of law?

"I find that James Nichols intended to convey his property as he did by exhibit No. 10, and I find that the natural and legitimate consequences of the said James Nichols so conveying his property to his children as per orator's exhibit No. 10. in connection with the death of the said Nichols so soon thereafter, were to hinder and delay his creditors in the collection of their debts and to defeat his widow in her rights of dower in the property so conveyed."

*Wilbur & Wolcott* and *W. L. Burnap*, for the orator.

The master finds that there are no assets belonging to the estate unless Henry E. is liable for rent under the lease. He is not. The lease being for three years and in parol is invalid. *Hawley* v. *Moody*, 24 Vt. 603 ; *Whitcher* v. *Morey*, 39 Vt. 459; *Davis* v. *Farr*, 26 Vt. 592; *King* v. *Smith*, 33 Vt. 22; 13 Vt. 21; 27 Vt. 157; 37 Vt. 369; 35 Vt. 233; 29 Vt. 510; 42 Vt. 355; 30 Vt. 616; Taylor L. & T. ss. 488 and 489; 1 Vt. 80; 151; 45 Vt. 50; Cowp. 621; 3 Pet. 48; Sudg. & Wait, ss. 387, 389; *North* v. *Barnum*, 10 Vt. 220; 10 Vt. 593; 24 Vt. 165 ; 28 Vt. 613 ; 13 Vt. 177; Taylor L. & T. ss. 488, 507, 508, 509, 522; *Woodward* v. *Brown*, 13 Pet. 116 ; Johns. 28; Bigelow on Estoppel, 401.

The master has found that all the property belonging to the intestate has come into the possession of the administrator and been legally disposed of, and that there is nothing to pay the debts proved. A man cannot give away his property when the effect is to deprive creditors of their just dues, nor as in this case without making provision for the support of his family and expenses of administration. *Foster* v. *Foster*, 56 Vt. 548; 35 Vt. 223; 52 Vt. 451 ; 91 U. S. 480; 2 Paige, 54; 10 N. Y. 189 ; *Blackeny* v. *Kerkby*, 2 Nott & McCord, 544; 3 John. Chy. 482; Bump. 292 to 300; Sch. Per. Prop. 108, 109; Kerr. on F. & M. 204 ; 13 How. 92 ; 7 Cold, 304; 20 Wall. 35; 19 Pick. 231; 15 Ohio, 108 ; 18 Wend. 375; 9 Cow. 73;

5 Cow. 67; Bump. Fr. Conv. 303; *Norton* v. *Norton*, 5 Cush. 524; 18 Wend. 375; *Clark* v. *Chamberlin*, 13 Allen, 257; 5 Cush. 524; 24 N. Y. 623; 10 N. Y. 227; Bump. Fr. Conv. 282, 283; *Jones* v. *Spear*, 21 Vt. 426; 56 Vt. 548; *Crane* v. *Stickle*, 15 Vt. 252; 5 Ohio, 121; *Edgell* v. *Lowell*, 4 Vt. 405; 11 Gray, 217; 5 Vt. 527; 52 Vt. 451; 53 Vt. 647; Bump. Fr. Conv. 288, 289; 2 Ohio, 373, 478; 66 N. Y. 374; 50 Miss. 629; 58 Miss. 776; 22 Pa. 183; 51 Pa. 483; Sch. Per. Prop. 108, 109, 180; 10 Johns. 222; 2 Paige Chy. 54; Sch. Ex. and Admr. s. 219; *Van Wick* v. *Seward*, 18 Wend. 375; 1 Conn. 295; 3 John. Chy. 500; *Lloyd et al* v. *Fulton*, 91 U. S. 485; 20 Wall. 31; 1 Am. Lead. Ca., 68 & 69 (3 Ed.) 72; 4 Johns. Chy. 450; 13 Gray, 420.

And if the effect is to defeat the rights of creditors it is immaterial whether any actual fraud was intended by either grantor or grantee. *Hildreth* v. *Sands*, 2 Johns. Chy. 35; *Preston* v. *Cutter*, Atl. Rep. June 13, 1888, page 774; Bump. Fr. Conv. 279, 280; 56 Vt. 548; *Mowhawk Bank* v. *Atwater*, 2 Paige, 54; *Van Wick* v. *Seward*, 18 Wend. 392; 8 West R. 302; Am. Lead. Ca. 72; 10 N. Y. 227; 35 Mich. 314; 4 Mich. 230; 50 Miss. 628.

The deed was void under the statute against fraudulent conveyances. R. L. ss. 1955, 4155; *Edgell* v. *Lowell*, 4 Vt. 405; *McLane* v. *Johnson*, 43 Vt. 49; 50 Vt. 653; Kerr on Fraud and Mistake, 196 to 200; Sch. on Ex. and Admr. s. 220; 52 Vt. 451; 1 Eastern R. 506; *Van Buren* v. *Myers*, 18 Johns. 425; *Cornish* v. *Clark*, L. R. 14 Eq. 184.

*Hard & Cushman*, for the defendant.

In order to render this conveyance void both the grantor and grantee must have intended to delay creditors in the collection of their debts. The report finds that neither did. 41 Vt. 670, 674; *Horbach* v. *Hill*, 112 U. S. 144.

The grantor retained property amply sufficient to pay all his debts after this conveyance. Therefore it cannot be set aside.

The opinion of the court was delivered by

POWERS, J.   The bill in this cause was brought by the administrator of James Nichols in behalf of creditors to set aside the deed of the intestate to the defendants, executed November 10, 1884, and the cause heard with that of Mary E. Nichols against the same defendants *ante* 426.

In the case of Mary E., the widow of James Nichols, the deed in question was held inoperative against the property rights of the oratrix by reason of the fraudulent purpose which prompted its execution.

In this case the master reports that he does not find any fraudulent intent on the part of either party to said deed to defraud the rights of James Nichols' creditors.

It is well settled that a conveyance made by a debtor, though upon an inadequate consideration, or upon no consideration at all, if no fraud be intended, is valid if the debtor retains sufficient property to pay his debts.   *Brackett* v. *Waito*, 4 Vt. 389; *Dewey* v. *Lang*, 25 Vt. 564; *Durkee* v. *Mahony*, 1 Aik. 116. If the debtor is left solvent after such conveyance, creditors cannot complain.

And the question of solvency is to be determined as of the time of the conveyance.   If at that time the rights of creditors are not defeated the happening of disaster afterwards, not contemplated at the time of the conveyance, does not affect its validity.   *Brackett* v. *Waito, supra.*

And in measuring the solvency of a debtor at the time of the conveyance sought to be impeached, regard is to be had to the state of things then existing.   The possibility that he may die and that an expensive administration upon his estate will follow, is a contingency that ordinarily would not arise and in a *bona fide* conveyance would never be expected.   Hence, the expense of administration in this case is not a factor in determining the solvency of James Nichols on November 10, 1884.

If a right to recover rent of Henry E. Nichols for his occupancy of the Essex farm and property covered by the lease made to him by his father, exists in the administrator, the funds are

ample to satisfy the claims of creditors. The terms of the lease were embodied in a writing drawn by Judge Nichols, which was held by him awaiting the signature of the parties, when James Nichols died: Henry went into possession of the premises and personal property under the lease as agreed upon, paid the rent for one year and has remained in possession since, taking all the benefits conferred by the lease to his own use. He attempts to ignore his tenancy under the lease and to set up a present title under the deed of Nov. 10, 1884. But this deed by its terms postpones his rights thereunder to the lease he had theretofore taken. His right under the deed is subject to the lease, and as the lease was to continue in force for three years, he could get nothing by the deed until then. He can take, under the deed, only in accordance with its terms. The written evidence of the terms of the lease is defective, but the agreement for the lease has been fully executed, and the tenant, having enjoyed the benefits of the contract, is bound to pay the rent, although the lease was not, while executory, enforceable as a lease. Roberts' Dig. 343, pl. 88.

*The decree of the Court of Chancery dismissing the bill is affirmed and the cause remanded.*