THE STATE OF CONNECTICUT *vs.* JULIA E. MARTIN ET AL.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A gift of property made in good faith by one who is not thereby rendered insolvent, will not be held constructively fraudulent as to subsequent creditors.

The question with what intent a conveyance of property was made is one of fact for the determination of the trial court.

In the present case the plaintiff, a subsequent creditor, alleged that the gift in question was made by a husband to his wife, when he was largely indebted and about to incur further indebtedness, and with intent to defraud his creditors; and these allegations were denied by the wife and her codefendant. *Held* that under these circumstances the plaintiff assumed the burden of proving that at the time of the conveyance the husband was not possessed of property sufficient to pay his then existing indebtedness.

Argued June 7th—decided August 12th, 1904.

ACTION upon the bond of an administratrix, brought to and tried by the Court of Common Pleas in Fairfield County, *Curtis, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Elmore S. Banks* and *William A. Redden,* for the appellant (plaintiff).

*William H. Comley, Jr.,* for the appellees (defendants).

TORRANCE, C. J. The defendant Julia E. Martin is the administratrix of the estate of her deceased husband, William J. Martin, and as such, she as principal and the defend-

ant Doolittle as surety gave the bond upon which this suit is brought. The State brings the suit for the benefit of Louis H. Lyon, a creditor of the estate of William J. Martin, and the breach of bond alleged is the failure of the administratrix to inventory as part of her deceased husband's estate certain real estate described in the complaint. That real estate in June, 1894, was owned by the husband, and was then conveyed by him to the defendant Mrs. Martin, in whose name the title to said real estate has ever since stood. Mrs. Martin refuses to inventory said real estate as part of her husband's estate, although his estate is insolvent.

The complaint alleges that said real estate was conveyed by Martin to his wife " without any consideration for said conveyance and when he was largely indebted, and in contemplation of becoming further indebted, and with intent to defraud his creditors." The answer admits that said conveyance was made " without other consideration than love and affection," and denies the other allegations of fraud. The only real issue in the case was whether said conveyance was actually or constructively fraudulent as to creditors. Upon the facts found the trial court held that it was not, and the question upon this appeal is whether it erred in so doing.

Martin died in the fore part of the year 1900. The conveyance in question was made in June, 1894, and was at once put upon record. It was an absolute deed. Lyon was not then a creditor of Martin. It is as one who became such creditor some years subsequent to said conveyance, that Lyon attacks its validity. Whether the conveyance was made with any actual intent on the part of Martin, or his wife, or both, to defraud existing or subsequent creditors of the grantor, was a question of fact; and the trial court has found that it was not so made; and that finding, upon the record in this case, is conclusive upon that question.

But if there was no fraud in fact, yet if the conveyance was constructively fraudulent as to existing creditors, it might, under certain circumstances, be so also as to subsequent creditors; *Barbour* v. *Connecticut M. L. Ins. Co.*, 61

Conn. 240; and so the next question is was it constructively fraudulent. It was a voluntary conveyance by Martin to his wife of real estate worth about $2,000 over and above the mortgages thereon. Whether this conveyance was constructively fraudulent as to existing creditors, depends upon the financial condition of the husband at the time it was made. A voluntary conveyance made in good faith, by a grantor not indebted, or if so, by one who retains sufficient property to pay his debts, is a valid conveyance as against creditors. *Benton* v. *Jones*, 8 Conn. 186; *Darcy* v. *Ryan*, 44 id. 518; *Gilligan* v. *Lord*, 51 id. 562, 566. If in such case the debtor is left solvent after such conveyance, creditors cannot complain, and " the question of solvency is to be determined as of the time of the conveyance. If at that time the rights of creditors are not defeated, the happening of disaster afterwards, not contemplated at the time of the conveyance, does not affect its validity." *Wilbur* v. *Nichols*, 61 Vt. 432, 436. Upon the facts found and from the evidence in the case, the trial court came to the conclusion that said conveyance was not constructively fraudulent either as to existing or subsequent creditors; and we think that conclusion was warranted by the finding, and certainly we cannot, upon the record in this case, say that the court erred in coming to that conclusion.

Before the trial court, the plaintiff claimed that the burden of proof was on the defendant to show that at the time of the conveyance Martin was possessed of property sufficient to pay his then indebtedness; and it alleges that the court overruled this claim and erred in so doing. It does not clearly appear that the court did in fact overrule the claim; but if it did, it did not err in so doing. In a case like the present, where the plaintiff as an essential part of his case, alleges facts which, if true, constitute fraud, and the defendant merely denies those facts, the burden of proving the fraud is on the plaintiff. *Fishel* v. *Motta*, 76 Conn. 197.

There is no error.

In this opinion the other judges concurred.