[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES AND COUNTERCLAIMS
The plaintiff moves to strike all special defenses and counterclaims raised by the defendant on the grounds that: (1) the defendant does not have standing to raise fraudulent conveyance counterclaims or defenses under Connecticut General Statutes 52-552 or the common law; (2) the defendant has not alleged fraud with sufficient particularity; (3) the defendant's third and fourth counterclaims alleging recklessness fail to state valid causes of action, and (4) the defendant has violated Connecticut Practice Book 116 by expanding its pleadings beyond the scope of the plaintiff's complaint.
The present motion to strike arises from two consolidated cases involving failed financial obligations between three parties: the plaintiff, Fleet Bank, the defendant, Miscellaneous Metal Works, Inc. (hereafter known as the debtor), and the defendant Dick Corporation. The material facts alleged by the plaintiff's complaint are as follows:
On or about August 29, 1988 the debtor executed two promissory notes in favor of the plaintiff totaling $850,000. On August 31, 1988, the debtor conveyed to the plaintiff security interests totaling $850,000 in all tangible and intangible assets then owned or thereafter acquired by the debtor. (See Security Agreement and Promissory Notes attached to the plaintiff's complaint). On or about May 28, 1989, the debtor defaulted on its payments of both notes and the principal sum of $850,000 became due. According to the security agreements, plaintiff claims that it is entitled to immediate possession of the debtor's collateral assets, including the debtor's accounts receivable.
On December 13, 1989, the defendant Dick Corporation commenced a suit against the debtor. On June 11, 1990, the defendant Dick Corporation was granted a Default Judgment against the debtor for money owed in the amount of $183,258.91. As a result of this Default Judgment, a dispute arose between Dick Corporation and the plaintiff, Fleet Bank, as to who was entitled to the debtor's accounts receivable. On December 1990, an escrow account was established to hold accruing accounts receivable until a resolution of the dispute could be reached.
On March 26, 1991, the plaintiff filed a complaint for declaratory judgment against the defendant, Dick Corporation, CT Page 8276 seeking an order of priorities concerning the escrow account. The defendant responded to the complaint by filing an answer, two special defenses and a four-count counterclaim on June 6, 1991. On August 9, 1991 the plaintiff filed a motion to strike the defendant's entire pleading on four grounds:
a) the defendant's lack of standing;
b) the defendant's failure to allege the elements for fraud with sufficient particularity;
c) the defendant's failure to state a legally sufficient cause of action for common law recklessness; and
d) the defendant's violation of Connecticut Practice Book 116.
On August 30, 1991, the defendant filed a memorandum in opposition to the plaintiff's motion to strike.
A motion to strike filed pursuant to Practice Book Section 152 challenges the legal sufficiency of the pleading Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly granted where the pleading alleges legal conclusions unsupported by facts. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208, 211, 535 A.2d 390 (1988); Fortini v. New England Log Homes, Inc., 4 Conn. App. 132,134-35, 492 A.2d 545, cert. dismissed 197 Conn. 801,495 A.2d 280 (1985) (holding "conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike."). If, however, the facts provable under the pleading would support any legally sufficient cause of action or defense, then the motion to strike must be denied. Mingachos v. CBS, Inc., supra, 109. Thus, where a motion to strike attacks the entire pleading, if any part of that pleading is legally sufficient the motion must fail. Grier v. West Haven Police Dept., 40 Conn. Sup. 221, 222,487 A.2d 576, aff'd 8 Conn. App. 142, 510 A.2d 1376 (1984).
A. Motion to Strike Both Special Defenses and the First and Second Count of the Counterclaim for Lack of Standing.
The defendant, Dick Corporation, has raised two special defenses to the plaintiff's complaint. In its first special defense, the defendant pleads that plaintiff's perfected security interest in the debtor's assets is void because it was obtained by a fraudulent transaction in violation of General Statutes 52-552. The defendant pleads by its second special CT Page 8277 defense that plaintiff's interest is void according to the common law prohibition against fraudulent conveyance. In the first and second counts of its counterclaim, the defendant realleges the first and second special defenses.
Standing concerns "the legal right of an individual to set the machinery of the courts in operation." Alarm Application Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, . . . A.2d . . . (1980). As such, the question of standing affects the subject matter jurisdiction of the court and must be acted upon "regardless of the form of the motion." East Side Civic Assn. v. Planning Zoning Commission, 161 Conn. 558, 559, 290 A.2d 348 (1971); Cahill v. Board of Education, 198 Conn. 229, 238,502 A.2d 410 (1985); Neyland v. Board of Education, 195 Conn. 174, 177,487 A.2d 181 (1985) (holding that the question of subject matter jurisdiction of the court may be raised at any time). Standing may therefore be addressed in a motion to strike. Alarm Applications, supra.
Connecticut's fraudulent conveyance statute provides that "all fraudulent conveyances . . . made or contrived with the intent to avoid any debt or duty belonging to others shall . . . be void as against those persons only . . . to whom such debt or duty belongs." General Statutes 52-552. The plaintiff moves to strike the first and second special defenses and the first and second count of the counterclaim on the ground that Dick Corporation has no standing to raise a fraudulent conveyance defense or counterclaim under 52-552. or the common law. In particular, the plaintiff relies on the language of 52-552 which states that fraudulent conveyances shall be void "as against those persons only . . . to whom such debt or duty belongs." General Statutes52-552. The plaintiff contends that this phrase means subsequent creditors are barred from asserting fraudulent conveyance claims under the statutory provision. The plaintiff also contends that subsequent creditors are barred from alleging fraudulent conveyance as a claim or defense under the common law.
The defendant's special defenses and counterclaim admit that it was not a creditor of the debtor at the time of the conveyance. The defendant cites Rocklen v. Radulesco,10 Conn. App. 271, 277, 522 A.2d 846 (1987) and contends that General Statutes 52-552 and the common law do not bar subsequent creditors from alleging fraudulent conveyance. Rocklen was decided according to common law principles and in dicta the court noted that 52-552 provides "an alternative method of proving a fraudulent transaction." Id., n. 2. Courts have consistently viewed the common law standard CT Page 8278 delineated in Rocklen as the proper standard to be applied in52-552 claims. See, e.g., Bizzoco v. Chintz, 193 Conn. 304,312 476 A.2d 572 (1984); Zapolsky v. Sacks, 191 Conn. 194, 200464 A.2d 30 (1983) (standard applied under 52-552 is identical to that used in common law fraudulent conveyance claims alleging constructive fraud or actual fraud); Gaudio v. Gaudio, 23 Conn. App. 287, 307, 580 A.2d 1212 (1990) (stating that "under [the fraudulent conveyance statute] a person wishing to avoid an alleged fraudulent conveyance has the burden of proving either constructive fraud or actual fraud."); Derby Savings Bank v. Tucker, 5 CSCR 825 (August 24, 1990, Hartmere, J.).
In light of the identical standards governing common law and statutory fraudulent conveyance, Rocklen defines the defendant's standing as to both special defenses and the first and second counts of the counterclaim. In Rocklen the court distinguished the standing of present and future creditors but did not explicitly define the situations in which standing would or would not be granted:
 [a party seeking to avoid a fraudulent conveyance] must show either that the conveyance was made without any substantial consideration and rendered the debtor unable to pay his existing debts, or that it was made with a fraudulent intent in which the grantee participated. If the second alternative [actual fraud] is proved, then every conveyance made with the actual intent to defraud either present or future creditors is fraudulent as to both present and future creditors.
Id., 277-78. Rocklen generally recognizes the standing of a subsequent creditor to allege actual fraudulent conveyance but does not extend that recognition to claims or defenses alleging constructive fraud.
This interpretation of Rocklen is consistent with early common law cases in Connecticut which delineate three fraudulent conveyance scenarios and distinguish the standing of subsequent creditors. Where the party claiming fraud was a creditor of the debtor at the time of the conveyance, that party has standing to allege either constructive or actual fraud. State Finance Corp. v. Ballestrini, 111 Conn. 544, 545,150 A. 700 (1930); State v. Martin, 77 Conn. 142, 143-44,58 A. 745 (1904); Barbour v. Connecticut M.L. Ins. Co., 61 Conn. 240,251, 23 A. 154 (1891); Freeman v. Burnham, 36 Conn. 469, 473-75
CT Page 8279 (1870). The Connecticut courts have also adopted this rule in claims arising under General Statutes 52-552. See, e.g., United States v. Edwards, 572 F. Sup. 1527, 1533-34 (D.Conn. 1983); Zapolsky v. Sacks, supra; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 433, . . . A.2d . . . (1980); Gaudio v. Gaudio, supra, 307.
Where, however, other creditors existed at the time of the conveyance but the party asserting fraud was not itself a creditor at that time, early Connecticut case law is less certain and no recent cases aside from Rocklen, supra, address this situation. Two early cases hold that a subsequent creditor may not allege constructive fraud if the debts which existed at the time of the conveyance are paid by the time the subsequent creditor contracts with the debtor. Barbour, supra; State v. Martin, supra, 143. If the debts remain unpaid when a subsequent creditor contracts with the debtor, the majority of Connecticut cases have not addressed the issue of whether subsequent creditors have standing to allege constructive fraud. Although two cases have implied that subsequent creditors can allege constructive fraud in such a situation, these cases discussed the issue in dicta. See Barbour, supra, and Martin, supra.
If only future creditors exist at the time of the conveyance, as is true in the present case, Connecticut decisions uniformly require the subsequent creditor to allege actual fraud. See DeLeo v. Hindinger, 98 Conn. 578, 582-83,120 A. 314 (1923) (holding that "where a transfer of property is made with an actual intent to defraud future creditors, it may be set aside."); Wilcox v. Johnson, 127 Conn. 539, 54218 A.2d 372 (1941). Since Rocklen, supra, only recognizes a subsequent creditor's right to allege actual fraud, and no Connecticut case has held that a subsequent creditor has standing to allege constructive fraud, the defendant does not have standing to allege constructive fraud.
The defendant, however, has raised both constructive fraud and actual fraud in its special defenses and counterclaim. Since Rocklen provides the defendant with standing to allege actual fraud, plaintiff's motion to strike both defenses and the counterclaim for lack of standing is denied.
B. Motion to Strike Both Special Defenses and the First and Second Counts of the Counterclaim for Failure to Sufficiently Plead Fraud with Particularity.
The plaintiff contends that even if the defendant does have standing to raise actual fraudulent conveyance as a CT Page 8280 special defense or counterclaim, the defendant has failed to allege actual fraud with sufficient particularity.
Although no Connecticut cases have defined the specific pleading requirements for claims of fraudulent conveyance, the general rule governing sufficiency of pleadings is that "the allegations of the pleadings must apprise the opposite parties of the issues and claims to be made." Swerdloff v. AEG Design/Build, Inc., 209 Conn. 185, 550 A.2d 306 (1988); Farrell v. St. Vincent's Hosp., 203 Conn. 544, 557,525 A.2d 954 (1987) (stating that the pleadings "must fairly put the defendant on notice of the claims against him."). Thus, "the allegations . . . must be given such reasonable construction as will give effect to it in conformity with the general theory which it was intended to follow." Burns v. Koellmer,11 Conn. App. 375, 382, 527 A.2d 1210 (1987). According to Carey v. Forlivio, 32 Conn. Sup. 7, 8, 336 A.2d 587 (1974), the plaintiff bears the burden of proof not only as to grantor's fraudulent intent, but also as to grantee's open participation in that fraud." See also, Partelo v. Harris,26 Conn. 480, 482 (1857) (holding that in order to set aside conveyance for actual fraud, the grantee must have knowledge of, and participate in, the fraud of the grantor).
A comparison of the defendant's pleadings with the elements of actual fraud and Connecticut's pleading requirements demonstrates that the defendant has not alleged facts sufficient to plead actual fraudulent conveyance. Actual fraud is demonstrated by proving that "the conveyance was made with a fraudulent intent in which the grantee participated." Patrocinio v. Yalonis, 4 Conn. App. 33, 35, 492 A.2d 215
(1985). Rocklen, supra, 277-78. The defendant pleads in its special defenses and counterclaim that "Fleet Bank . . . did not receive consideration for the Conveyance in that the value of the secured assets was far less than the amount of the loan . . . [and] the Loan rendered the debtors insolvent by their being unable to pay their debts as they became due." The defendant also alleges that "the Loan and Conveyance . . . was made with the intent to defraud their then-existing and future creditors." Defendant's Answer, First Special Defense, pp. 5-6, para. 2, 3. (The foregoing facts are duplicated in the defendant's Second Special Defense p. 7, para. 2, 3 and in its First and Second Counterclaims, pp. 12-13).
These factual allegations, while relevant to a claim of constructive fraud, do not satisfy the pleading requirements for a claim of actual fraud. In particular, the defendant has not alleged that the loan was conveyed with a fraudulent intent in which the plaintiff participated. Instead, the defendant has stated in general terms that "the conveyance was made with CT Page 8281 the intent to defraud." Knowing participation must be alleged in order to state a cause of action for actual fraud. Patrocinio v. Yalonis, supra. Because the defendant has combined alternative claims of constructive and actual fraud in each special defense and all four counts of its counterclaim, the defendant's pleadings do not fairly apprise the plaintiff of what issues and facts will be tried.
In particular, by pleading facts which focus solely upon the debtor's insolvency and inadequate consideration, the defendant's pleadings have promoted the claim of constructive fraud without providing additional facts from which a claim or defense of actual fraud could be proven. Accordingly, the defendant's special defenses and the first and second counts of the counterclaim are stricken for failure to allege sufficient facts which, if taken as true, would entitle the defendant to relief.
C. Motion to Strike the Third and Fourth Counts of the Counterclaim for Failure to State a Valid Cause of Action.
In the third and fourth counts of the counterclaim, the defendant alleges that the plaintiff recklessly entered into the loan and mortgage transaction with the debtor and thereby defrauded the defendant. The plaintiff now moves to strike both counts on the ground that the defendant has no standing to raise a claim of recklessness since the plaintiff owes no duty to third party creditors and cannot, therefore, be held liable under a tort theory of recklessness. The defendant contends that a duty to avoid reckless transactions has been imposed upon banks in other jurisdictions and should be adopted by the court in this case.
Although Connecticut courts have not directly addressed the issue of whether banks owe a duty of care to third party creditors in the absence of statutory or contractual obligations, the defendant has failed to allege sufficient facts from which such a duty could be proven to exist.
In order to plead a valid claim of recklessness under Connecticut law, the defendant must allege some legal duty running from the plaintiff to the defendant which the plaintiff may be found to have breached. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). The existence of such a duty is a question of law which must be determined before a claim may be put to the trier of fact. Cumis Ins. Society, Inc. v. Windsor Bank Trust Co.,736 F. Sup. 1226, 1236 (D.Conn. 1990) citing Sheiman, supra, 45. Such a duty "may arise from contract, statute, or circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely CT Page 8282 to result." Cumis, supra, 1236; Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982); Sheiman, supra, 45.
Where the party alleging recklessness fails to plead facts establishing a contractual, statutory, or other special relationship which would give rise to a duty, the claim must be stricken for failure to state a valid cause of action. Sheiman, supra, 46 (holding that "to be legally sufficient, a count based on reckless conduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff). See also Cumis, supra, 1236 (holding that where the plaintiff fails to allege facts supporting the existence of a duty owed by one bank to another, a motion for judgment will be granted in favor of the defendant).
In the present case, the defendant has failed to allege facts which, if presumed true, would establish a legal duty owed by Fleet Bank to Dick Corporation. The pleadings do not allege the existence of a contractual or statutory duty owed to the defendant, nor do they allege circumstances which, if proved, would otherwise establish a special relationship creating such a duty. The third and fourth counts of the defendant's counterclaim allege that Fleet Bank's decision to loan the debtor money "was taken with reckless disregard for third parties," but no facts are provided to demonstrate that Fleet Bank owed a legal duty to third parties such as the defendant. The defendant relies instead upon mere conclusions of law. In the absence of sufficient alleged facts to support them, such conclusions are subject to a motion to strike. Cavallo v. Derby Savings Bank, 188 Conn. 281, 285,449 A.2d 986 (1982); Mora v. Aetna Life Ins. Co., supra, 211. Accordingly, the third and fourth counts are stricken for failure to plead a legally sufficient cause of action.
D. Motion to Strike Both Special Defenses and All Four Counterclaims for Failure to Comply With the Requirements of Connecticut Practice Book 116.
Section 116 of the Connecticut Practice Book provides that any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction of one of the transactions which is the subject of the plaintiff's complaint. According to Jackson v. Conland,171 Conn. 161, 167, . . . . A.2d . . . . (1976), the test governing 116 is whether the respective claims would "involve a substantial duplication of effort by the parties and the courts" and whether the disputed transactions raise different issues of fact and law. See also Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983) (the purpose of 116 is to avoid "multiplicity of litigation CT Page 8283 . . . and piecemeal disposition of what is essentially one action.").
The plaintiff contends that the defendant has raised special defenses and counterclaims which require the determination of different issues and facts than those raised by the plaintiff's complaint. The defendant has not violated the scope of 116 in any of its pleadings. The plaintiff has alleged in its complaint that it is entitled to the entire amount of escrow funds because it has a perfected security interest which defeats any interest the defendant has in those funds. The defendant's pleadings merely challenge the plaintiff's right to assert a perfected security interest.
In the special defenses and the first and second counts of its counterclaim, the defendant alleges fraudulent conveyance theories as bases for setting aside or voiding the plaintiff claimed security interest. Whether the plaintiff has a perfected interest is a material issue in the plaintiff's complaint against the defendant and it is not altered by the defendant's pleadings.
In the third and fourth counts of the counterclaim, the defendant has alleged that the plaintiff's decision to loan money to the debtor was taken with reckless regard for third parties such as the defendant. These claims similarly challenge the nature of the conveyance and the circumstances by which it was perfected. The claims of recklessness arise directly from the same transaction which is put in issue by the plaintiff's complaint. For the foregoing reasons the plaintiff's motion to strike both special defenses and the counterclaim on this ground is denied.
Although the defendant's special defenses and counterclaim do not impermissibly expand the pleadings beyond the scope of the plaintiff's complaint, plaintiff's motion to strike is granted in its entirety on the grounds that the defendant does not have standing to allege constructive fraud, the defendant has failed to plead facts sufficient to allege actual fraud, and the defendant has failed to sufficiently plead the legal elements required to establish a tort claim of reckless conduct.
M. Hennessey, J.