EDMOND V. HAWES AND ANOTHER *vs.* SIMON MOONEY.

*A*, an insolvent debtor, at the suggestion of *B* and with his coöperation, fraudulently transferred to him goods of the value of $206.78, for the purpose of concealing them from attachment. At the time of the transfer *B* paid *A* $100 toward the value of the goods, and agreed that a book account, amounting to $47.50, which he held against him, should be cancelled by the receipt of the goods. After the goods had been sold by *B*, a creditor of *A* brought suit against him, factorizing *B*, and obtained judgment.

In scire facias against *B* founded upon the factorizing process, Held, that the whole transaction between *A* and *B*, being one and indivisible, was void *in toto* as against creditors, and as against them left the goods still the property of *A*; and that the plaintiff, as a factorizing creditor, had the same right of holding the entire proceeds of the sale, that a creditor attaching the goods would have had of holding all the goods.

SCIRE FACIAS; brought to the Court of Common Pleas, and tried on the general issue closed to the court, before *Brewster*, J. Judgment for the plaintiffs, and motion for new trial by the defendant. The case is sufficiently stated in the opinion.

*Stoddard*, in support of the motion.

*Sturges*, contra.

SEYMOUR, J. The plaintiffs were creditors of one Walters, who in February, 1868, being insolvent, made a fraudulent transfer of goods to the defendant. The object of the transfer was to conceal the goods from attachment, of which object the defendant was fully aware. He participated in, and himself suggested, the arrangement.

In March, 1871, and after the defendant had sold the goods, the plaintiffs brought suit for the recovery of their debt, factorizing the defendant. The value of the goods fraudulently transferred was $206.78. The plaintiffs recovered judgment against Walters for $267.15. The present proceeding is scire facias against the defendant founded upon the factorizing process.

If the goods had remained in the defendant's hands until the plaintiffs' process was served, the case would be a clear one for the plaintiffs. For it is settled that *personal* property covered up in the hands of a fraudulent grantee may be reached by process of foreign attachment, and if the party factorized fails to turn out the property to be taken on the creditor's execution, due demand being made therefor, the creditor has his remedy by scire facias.

This was so decided in *Starr* v. *Tracy*, 2 Root, 528, and the court there say that if different creditors proceed, the one by factorizing process, and the other by ordinary process of attaching the goods, the party first in time will be first in right. The principle upon which in such cases the creditor may have redress by garnishment, is that the transfer, being fraudulent, is as against a creditor void; and although the title may pass to the fraudulent grantee as between the parties, yet, as against a creditor, the grantee may be treated as mere trustee and bailee of the goods.

But in the case under consideration the goods had been sold by the defendant before he was factorized, and the defendant's counsel make the point that the proceeds of the sale are not liable to be taken by this process. But it is difficult to see any sound distinction between the goods themselves and the proceeds of their sale. If the transfer of the goods may be treated by a creditor as void, and the transferee treated as having in his hands the *goods* of the debtor, then, following out the rule, the proceeds of the sale of the goods are, as against a creditor, the debtor's *monies* in the defendant's hands.

Another question arises in the case concerning which we have felt some considerable doubt. Upon the delivery of the goods, or immediately thereafter, the defendant paid Walters $100 toward their value; and it was also then agreed that a book account of $47.50 due from Walters to the defendant should be considered settled and paid by the receipt of the goods. The defendant's counsel earnestly contend that the defendant should have the benefit of this payment and of this book account. The argument is that by the factorizing process

Hawes v. Mooney.

nothing is taken except what as between Walters and the defendant belongs to Walters ; that in this process the plaintiffs merely take Walters' place and stand in his shoes. Now in general this is the true theory of garnishment, but, as applicable to the case of a transaction of the nature disclosed in this record, that theory fails of giving full effect to the statute against fraudulent conveyances. Walters attempted to·withdraw his property from his creditors, and to conceal it in the defendant's hands so that it could not be come at to be attached. The defendant participated in this attempt. The object was to convert visible and attachable property into that which was invisible and unattachable. This attempt, so far as the goods themselves are concerned, has been successful. They have not·been found. If they had been found and levied on, the creditor thus levying would hold the entire property. In case of such an attachment, the payment of the $100 and the agreement to cancel the book debt would not avail the defendant in mitigation of damages. Such a transfer is void even though a full consideration be paid. The whole arrangement being one and indivisible, is void *in toto* as against creditors, and as against them left the goods still the property of Walters. If the transaction were in fact and fairly divisible, as for instance if a certain portion of the goods had been truly received in satisfaction of the debt, and· the fraudulent transfer of the residue had been a distinct and separate matter, then indeed only such residue would be open to attachment. We are inclined to think that a factorizing creditor has the same privilege of holding the entire proceeds of the sale where the goods are sold, that the attaching creditor of the goods has of holding all the goods. The goods and the proceeds of their sale are thus placed on the same footing, subject to the same rule, because standing upon the same considerations of reason and equity. The operation of the rule may seem somewhat harsh, but it must be remembered that the case to which it is applied is one of actual and contemplated fraud, participated in by the defendant, and instigated by him, and we think justice and public policy concur in requiring us to hold that in cases like the present the en-

tire proceeds of the sale are subject to the process of foreign attachment.

The defendant withdrew the goods from Walters' creditors. Had it not been for the wrongful acts of the defendant all the goods could have been, and probably would have been, attached by the plaintiffs. By our decision therefore we merely give the plaintiffs a compensation commensurate with the injury they have suffered at the hands of the defendant.

The rulings of the Court of Common Pleas were in accordance with these views, and we advise no new trial.

In this opinion the other judges concurred.