EUGENIA C. MATHEWS vs. MIRA L. CONVERSE ET ALS.

First Judicial District, Hartford, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Payment of the full value of property conveyed in actual fraud of creditors is of no avail to a grantee who knowingly participated in the fraud.

Whether the conveyance was fraudulent, and whether the grantee took part in the fraud, are questions of fact which are ordinarily established, not by direct evidence, but as inferences from other proven facts and circumstances.

Proof of the usual *indicia* or badges of fraud is sufficient to warrant the trial court in finding that the conveyance was made with the fraudulent intent of avoiding the plaintiff's claim.

An attachment of real estate creates an equitable interest by virtue of which the attaching creditor is entitled to redeem prior liens or incumbrances, and thus make the equity in the property available to satisfy, in whole or in part, his own claim.

An argumentative averment in a complaint is not reached by a demurrer addressed solely to matters of substance.

Argued October 4th—decided November 1st, 1910.

SUIT to foreclose a judgment lien and to have certain conveyances set aside as fraudulent and void against the plaintiff, brought to the Superior Court in Tolland County where a demurrer to the complaint was overruled (*Ralph Wheeler, J.*) and the cause was afterward tried to the court, *Case, J.;* facts found and judgment rendered for the plaintiff, from which the defendants appealed. *No error.*

*Charles E. Perkins* and *Ralph O. Wells*, for the appellants (defendants).

*Edward D. Robbins* and *Warren D. Chase*, for the appellee (plaintiff).

THAYER, J.   The complaint states that the plaintiff obtained a judgment against three of the defendants, Mira L. Converse, Lillia A. Lee, and Louis S. Converse, at the September term, 1905, of the Superior Court in Tolland county, that the judgment was partially satisfied only, and that a lien for the balance due upon the judgment was placed upon the property now sought to be foreclosed.   It is alleged that this property was attached on May 23d, 1905, upon the original writ in the action, as the property of the defendants above named, and that they are, as to the plaintiff, the actual owners of the property, but that in September and October, 1903, and in January, 1904, the different parcels of land comprising the property attached had been conveyed by them to others of the defendants with the fraudulent intent, which was known to the grantees, to avoid the claims upon which the judgment was based.

The court found the foregoing allegations of fact to be true, and also found that the judgment obtained was based upon a claim against the first mentioned defendants as sureties upon the official bond of one Sheehan as one of the administrators of the estate of Julius Converse, who died in 1892, that a prior suit upon the bond was brought in 1899, before the administrator's liability had been fixed, and that after such liability had been judicially determined that action was withdrawn and the attachment therein released, and a new action, that in which the judgment was obtained, was simultaneously instituted and a new attachment made.

Mathews *v*. Converse.

The only question in the case upon the trial was whether the attempted conveyances were fraudulent as against the plaintiff. There were allegations in the complaint that the conveyances were not made in the ordinary course of business, nor upon adequate consideration; but it is unnecessary to consider whether the court would have been justified in holding that they were voluntary and constructively fraudulent, because it has found that they were actually fraudulent, and, if the evidence supports this finding, the judgment rendered was correct, although full value was paid for the property by the grantees. *Trumbull* v. *Hewitt*, 65 Conn. 60, 73, 31 Atl. 492.

The defendants claimed that to render the conveyances actually fraudulent it must appear from the evidence that the grantors, by making the conveyances, intended to avoid the payment of an obligation to the plaintiff, or to hinder her in the collection of it; that the grantees had knowledge of that fraudulent intent and participated in it by accepting the conveyances; and that if it had not been conveyed the property would have been available to the plaintiff in satisfaction, or part satisfaction, of her debt. The overruling of these claims is assigned for error, but it does not appear from the finding that they were overruled, and the finding and decision of the court are consistent with a ruling in accordance with each of them. These assignments of error are therefore without foundation and were improperly made.

The facts were all found against the defendants, and their redress, if they have any, must be secured under the assignment that these findings were made without evidence to support them. It is unnecessary to discuss the evidence which has been certified to this court. Whether the conveyances were made with the fraudulent intent on the part of the grantors, and whether

that intent was participated in by the grantees, were purely questions of fact. Such facts are to be proved, ordinarily, not by direct evidence, but as matters of inference from other facts proven. The evidence before us sustains the finding of a variety of facts which are the usual *indicia* or badges of fraud. The conduct of the grantors and grantees, when called as witnesses, in refusing to answer questions and in failing to recollect recent transactions, were facts to be considered in determining whether the conveyances were made in good faith. It cannot be said, therefore, that there was no evidence to support the finding that they were not so made. We think that the evidence was sufficient to warrant the finding that they were made with the fraudulent intent to avoid the plaintiff's claim.

It appears from a paragraph in the draft-finding marked "proven," that at the time of the conveyances the property conveyed was subject to two judgment liens in favor of third parties, upon which there was then due $3,387.80, that these liens had been foreclosed, that the time limited for redemption was about to expire, and that immediately after the conveyances the grantees of the property redeemed it from the foreclosure. It is argued that upon these facts the property was not available to the plaintiff in satisfaction of her claim because, had the conveyance not been made, the title to the property would have become absolute in the foreclosing creditors. This does not follow. The grantors might have redeemed it. Besides, at the time of the conveyance, the plaintiff's original attachment on the property was in force. This constituted a lien and encumbrance upon the property. *Kelsey* v. *Remer*, 43 Conn. 129. 138; *Hubbell* v. *Kingman*, 52 id. 17, 19, 20. This equitable interest in the property the plaintiff would have the right to preserve by redeeming the property from the impending foreclosure, and thus

render the equity of redemption available in satisfaction of her debt. The fact that the original attachment was afterward withdrawn, and that the attachment which supports her present judgment lien was subsequent to the conveyances, in no way affects the question. At the time of the conveyance the equity was attachable to secure the plaintiff's claim, had she then had no attachment upon it. She could make it available by attaching it and then redeeming the prior liens. This is the real test upon the question of its availability.

Only one question deserving mention was raised by the demurrer, namely, whether the complaint shows that at the time the alleged fraudulent conveyances were made the grantors therein owed any debt or duty to the plaintiff. It appears that the action which was brought to enforce the payment of the obligation was brought subsequent to the making of the conveyances. It does not follow from this fact that the obligation did not exist at the time the conveyances were made. It is alleged in the complaint that the fraudulent purpose in making them was to avoid the claim upon which the judgment in that suit was based. This is an argumentative rather than a direct allegation of the existence of the claim at the time of the conveyances. But the demurrer was to the substance, not to the form, of the complaint. The allegations were sufficient to admit proof that there was an existing debt, at the time of the conveyance, due from the grantors to the plaintiff. The complaint was sufficient in substance, and the demurrer was properly overruled.

There is no error.

In this opinion the other judges concurred.