WILLARD H. ELDREDGE, ADMINISTRATOR (ESTATE OF
LOUIS ELDREDGE) ET AL. *vs.* F. WELLS GEER ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued May 1st—decided June 5th, 1934.

*Arthur T. Keefe,* for the appellants (defendants).

*Perry J. Hollandersky,* with whom was *Charles V. James,* and, on the brief, *Foster K. Sistare,* for the appellees (plaintiffs).

BANKS, J.   Plaintiff's decedent was struck and killed on December 22d, 1930, by a truck operated by the named defendant.   This action was brought to recover

damages for his death, in which also it was sought to have set aside a transfer of certain personal property from the named defendant to the defendant The Southern New England Contractors' Supply Company, hereinafter referred to as the Supply Company, alleged to have been made with intent to defraud the plaintiff of his right to recover such damages. Upon motion of the Supply Company it was granted a separate trial of the issues involving the transfer to it. The plaintiff recovered a verdict and judgment of $10,000 against Geer, and, upon a subsequent trial, the court entered a decree setting aside the transfer, from which judgment this appeal was taken. The parties filed stipulations as to facts which the court might find proven, and also stipulated that the court might consider the evidence given by certain witnesses in the jury trial in which the award of damages was made to the plaintiff.

From the stipulations, without the necessity of considering the requested corrections in the finding, the following facts, sufficient for the decision of the case, appear: For several years prior to January 1st, 1931, Geer was engaged in the business of excavating and selling sand and gravel obtained from a bank on property leased by him from Charles B. Palmer, which lease expired on January 1st, 1931. L. E. McLaughlin, Inc., was engaged in the contracting business and purchased sand and gravel from Geer. On November 29th, 1930, Geer was indebted to Palmer in the sum of $3000 for sand and gravel excavated from the latter's land, which debt he was unable to pay. Palmer agreed to accept $2000 in satisfaction of the debt, a note for $1000 of which was given Palmer by Geer, and the other $1000 was paid to Palmer by L. E. McLaughlin, Inc., in return for which Geer gave the latter his demand note for $1500. As security for this

note, Geer gave L. E. McLaughlin, Inc., a bill of sale of two Mack trucks and at the same time took from it a conditional bill of sale of the same. The delivery of the trucks to L. E. McLaughlin, Inc., was colorable merely and they were shortly redelivered to Geer and remained in his possession until January 2d, 1931. The bill of sale of the trucks was recorded December 23d, 1930 (the day after plaintiff's decedent received his injuries); the conditional bill of sale was never recorded. On December 1st, 1930, L. E. McLaughlin, Inc., loaned Geer $600 to enable him to pay certain bills which he owed, and took his note for that amount, to secure which it took a bill of sale of a third Mack truck, giving back to Geer a conditional bill of sale of the same. The delivery of this truck was also colorable merely, the bill of sale was also recorded on December 23d, 1930, and the conditional bill of sale was never recorded.

On December 23d, 1930, a certificate of incorporation of The Southern New England Contractors' Supply Company was executed, and on January 2d, 1931, the certificate of organization of that company was filed. Eleven thousand dollars was paid in in cash, and one hundred and ten shares issued, of which one hundred and eight shares were issued to L. E. McLaughlin, who is president, treasurer and general manager of the company. On January 2d, 1931, Geer transferred to the Supply Company the three Mack trucks, together with all the machinery, tools and equipment constituting his sand and gravel plant. In return for this transfer, the Supply Company issued to Geer seventy shares of its capital stock of the par value of $100 each, the certificate for which was immediately delivered by him to L. E. McLaughlin as collateral security for his note for $2100 given to McLaughlin, personally, in substitution for his obliga-

tions totalling that amount to L. E. McLaughlin, Inc. This stock had no market value, Geer's only other asset was an automobile valued at $100, and after the plaintiff obtained the $10,000 judgment against him he was and still is insolvent. The fair market value of the trucks conveyed by Geer to the Supply Company was $4000, and that of the other property so conveyed was in excess of $3000. The trial court found that these transactions were all in pursuance of an intention and design on the part of Geer and of L. E. McLaughlin as an officer of the Supply Company to remove all of Geer's property from availability to satisfy any judgment that might be obtained by the plaintiff, and that they constituted a fraud upon him, and, as against him, were null and void.

The defendants strenuously contend that the subordinate facts found, which for the most part were stipulated by the parties, do not justify a finding of intent to defraud, but that the acts of the defendants detailed in the finding were motivated solely by the intention to give McLaughlin security for the loans which he or his company had made to Geer. These loans aggregated $2100, and, prior to December 22d, 1930, the three trucks valued at $4000 had apparently been considered ample security for this indebtedness. On that day occurred the accident in which plaintiff's decedent lost his life. The three trucks were then in Geer's possession and subject to attachment by his creditors as well as the equipment constituting his sand and gravel plant. On the following day the transactions detailed in the finding were initiated, the result of which was to place these assets beyond the reach of process in the cause of action which had then arisen in favor of the estate of plaintiff's decedent. The sequence of events and all the circumstances are strongly indicative of an intention on the part of Geer

and McLaughlin to produce that result rather than that their sole object was to furnish to McLaughlin security for Geer's debt to him beyond that which had been accepted as satisfactory prior to the date of the accident. At any rate, the question of the intention of the parties was one of fact to be determined by the trial court upon such inferences as it was justified in drawing from the conduct of the parties and all the circumstances of the transaction.

The trial court has found that these transactions were had with the knowledge and active participation of McLaughlin, the managing executive and principal stockholder of the Supply Company. Since the Supply Company thus participated in the fraudulent transfer of his property by Geer, the transfer may be held void as against it even though it paid full value for the property transferred. *Trumbull* v. *Hewitt,* 65 Conn. 60, 73, 31 Atl. 492; *Mathews* v. *Converse,* 83 Conn. 511, 513, 77 Atl. 961. The plaintiff, who, at the time of the transfer, had a cause of action in tort against Geer, may avoid the transfer if made to defeat a recovery in such action. *White* v. *Amenta,* 110 Conn. 314, 318, 148 Atl. 345. The court did not err in setting aside the transfer, and holding it null and void as against the plaintiff.

There is no error.

In this opinion the other judges concurred.