**RECONSTRUCTION FINANCE CORPORATION, Plaintiff-Appellee,**

v.

**UNITED DISTILLERS PRODUCTS CORP. and N. Tully Semel, Defendants-Appellants.**

No. 223, Docket 23794.

United States Court of Appeals Second Circuit.

Argued Dec. 22, 1955.

Decided Feb. 7, 1956.

Samuel Rosenthal, Hartford, Conn., for defendants-appellants.

Harry Bergson, Boston, Mass., for plaintiff-appellee.

Before FRANK, HINCKS and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

On July 28, 1952 the Reconstruction Finance Corporation obtained a judgment for $82,184.11 plus interest and costs against the defendant United Distillers Products Corporation in the District of Connecticut, 113 F.Supp. 468. On August 4, 1952 the defendant filed a notice of appeal to this court and the case was docketed here on March 6, 1953. On May 29, 1953 we affirmed the judgment. 2 Cir., 204 F.2d 511. In the meantime, on September 5, 1952, United Distillers had conveyed to defendant Semel the property now in question. The plaintiff attacked this conveyance as fraudulent and the District Judge, sitting without a jury, gave judgment in its favor. From this judgment the defendants appeal.

At the outset we have a question as to what law governs this transaction. Since jurisdiction is based on 28 U.S. C.A. § 1345, rather than on diversity of citizenship, we are not bound by Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; to look to the law of Connecticut. New York, N. H. & H. R. Co. v. R. F. C., 2 Cir., 1950, 180 F.2d 241; see United States v. Standard Oil Co., 1947, 332 U.S. 301, 307, 67 S.Ct. 1604, 91 L.Ed. 2067. Cf. Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838; D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 1942, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956. But even when the application of state law is not compelled, it is often appropriate. The Supreme Court has defined some of the situations where the application of state law is proper, as follows:

" 'In our choice of the applicable federal rule we have occasionally se-

lected state law.' Clearfield Trust Co. v. United States, 318 U.S. at page 367, 63 S.Ct. at page 575, 87 L.Ed. 838. The Government, for instance, may place itself in a position where its rights necessarily are determinable by state law, as when it purchases real estate from one whose title is invalid by that law in relation to another's claim. Cf. United States v. Fox, 94 U.S. 315, 24 L.Ed. 192. In other situations it may fairly be taken that Congress has consented to the application of state law, when acting partially in relation to federal interests and functions, through failure to make other provision concerning matters ordinarily so governed. And in still others state law may furnish convenient solutions in no way inconsistent with adequate protection of the federal interest." United States v. Standard Oil Co., supra, 332 U.S. at pages 308–309, 67 S.Ct. at page 1609.

■ In the case now before us the question is whether a conveyance of real property located in the state of Connecticut may be set aside as fraudulent with respect to a federal corporation which is a judgment creditor of the transferor. The transferor is a New Jersey corporation doing business in Connecticut; the transferee is a resident of Connecticut. We can perceive no federal policy which requires us to forego the application of the Connecticut law of fraudulent conveyances. There is no federal statute from which we can derive an overriding policy as there was in D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., supra. Nor is there here the need for uniformity which Judge Learned Hand found in New York, N. H. & H. R. Co. v. R. F. C., supra, 180 F.2d at page 244. The principle to be applied here is not one which will affect the day to day dealings of the R.F.C., the contracts it makes, or the instruments which it executes. On the other hand, the validity of a conveyance of a real property is a matter peculiarly within the area necessarily governed by state law. We think this is a situation in which the state law furnishes "convenient solutions in no way inconsistent with adequate protection of the federal interest."

The applicable Connecticut statute is § 8295 of the General Statutes of Conn., Revision of 1949:

"All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."

■ Under the Connecticut cases it appears that in order to set aside a conveyance the creditor need establish only that the transferor intended by the conveyance to avoid payment of his obligation or to hinder its collection, that the transferee had knowledge of this aim and participated in it by accepting the conveyance, and that the property would have been available for satisfaction of the debt if it had not been conveyed. Mathews v. Converse, 1910, 83 Conn. 511, 77 A. 961. If these facts are established it matters not that full consideration was given for the property conveyed. Mathews v. Converse, supra; Eldredge v. Geer, 1934, 118 Conn. 458, 173 A. 110; Trumbull v. Hewitt, 1894, 65 Conn. 60, 31 A. 492; Hawes v. Mooney, 1872, 39 Conn. 37. Nor do the Connecticut cases seem to require that the transferor be insolvent when the conveyance is made. Mathews v. Converse, supra. And this is in accord with the interpretation of similar statutes in other states. Ga Nun v. Palmer, 1916, 216 N.Y. 603, 611, 111 N.E. 223; In re Stewart's Estate, 1939, 334 Pa. 356, 5 A.2d 910.

Since the transferor here was merely the alter ego of the transferee it is quite clear that the latter participated in

whatever fraudulent intent there was. Nor is it disputed that the property, if it had not been conveyed, would be available for the satisfaction of the plaintiff's judgment. The finding of the trial judge that the conveyance was made by United Distillers "for the purpose of hindering, delaying, and defrauding its creditors," was not clearly erroneous; it was a permissible conclusion from all the circumstances of the transaction. Semel, the transferee, is and has been for many years the sole beneficial stockholder as well as the president and treasurer of United Distillers. At the time of the conveyance he and his wife were the sole directors and she was secretary of the corporation. Under these circumstances the Court is justified in examining very scrupulously any transaction between Semel and his corporation which is harmful to a creditor of the corporation.

It further appears that the conveyance was made only five weeks after the plaintiff obtained a very substantial judgment against the corporation and that the deed was signed by Semel's wife in her maiden name. Moreover, Semel had a strong interest in keeping this particular property out of the hands of creditors since his home and office were located therein.

■ Semel, who was the only witness in the case, testified that he paid the corporation $10,000 for the property, that this money was spent for corporate purposes, that it was a higher price than could have been obtained elsewhere, that the sale was necessary in order to secure funds for the corporation and that his wife signed the deed in her maiden name because that was the name she always used in corporate affairs. Since the trial judge saw and heard Semel testify, he was free to reject any or all of these explanations. Moreover, scepticism as to the corporate need for the conveyance is justified by the facts that Semel had often advanced money to the corporation in the past when it needed funds and that the corporation had among its assets $16,000 in Pennsylvania Railroad Bonds. The $10,000 cash was used to send a liquor shipment abroad where it was lost with the result that United Distillers has $10,000 less from which to satisfy the claim against it. On these facts we cannot conclude that the trial judge's finding of an intent by the corporation to hinder, delay, and defraud its creditor was clearly erroneous; on the contrary the evidence adequately supports it.

■ The defendants contend finally that the plaintiff is barred by laches from attacking the conveyance. The plaintiff's judgment was affirmed by this Court on May 29, 1953. The judgment lien was filed on October 2, 1953 and this suit was commenced on October 15, 1953. This did not amount to an unreasonable delay by the plaintiff in the assertion of its rights. There was certainly not such a course of conduct as would justify Semel in concluding that the RFC had decided to forego its right to satisfy the judgment out of the property. And although Semel did testify that he made various improvements in the property there was no showing that any of these improvements were made after May 29, 1953 and in reliance on the RFC's delay. There is thus no evidence that the delay injured the defendant. Under these circumstances there is no basis for the defense of laches.

The judgment of the District Court is affirmed.