HERBERT EKBLADE *v.* KENNETH C. ANDERSON

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 116564
AT NEW HAVEN

Memorandum filed June 17, 1969

*Gamm, Liebman & Rashba,* of Hamden, for the plaintiff.

*Shiff & Shiff,* of New Haven, for the defendant.

MEYERS, J. The plaintiff, a passenger in an automobile owned and operated by the defendant, seeks to recover in negligence from the latter for injuries allegedly received in a single vehicle accident.

By the instant motion, to which the plaintiff objects, the defendant seeks to amend his answer by adding to the previously alleged special defenses of assumption of risk and contributory negligence these additional special defenses: "3. The defendant has paid the plaintiff the sum of $521.50 for medical expenses alleged to have been incurred by the plaintiff on account of the alleged injuries. 4. Any liability accruing to the defendant on account of the injuries alleged by the plaintiff was discharged to the extent of such payment." Objection made by the plaintiff to the granting of this motion is to the effect that the opportunity here to collect twice for the medical damages suffered by him is, in law, not to be interfered with. The court is not in accord with this contention.

It was agreed during the hearing and in the briefs furnished that at the time of the accident complained of the defendant operator was covered by insurance under a policy carried by him. This policy, in addition to being an ordinary liability policy, contains, inter alia, a provision that the carrier shall pay the reasonable medical expenses of any person injured in an accident which involves the defendant's vehicle while the same is being used by the insured and without respect to fault. The policy includes other and assorted coverage of which this medical expense

payment was one type, and each such provision was subject to a separate premium or cost.

The urging of the plaintiff to the effect that the provision as to medical payments creates a collateral source is not convincing. The ordinary purpose of automobile liability coverage is for the carrier to make good for or pay, but once, in behalf of the insured, a claimant's damages as determined to be the proximate result of the negligence of the insured. No needed fair end or goal is to be served by making payment twice for any part of medical expenses. Contrariwise, the potential result of such extra payments might well result in an adverse effect such as an increase of insurance coverage rates for all.

Collateral source means precisely what the words imply. *Chambers* v. *Pinson,* 6 Ohio App. 2d 66, 68. Generally, there is no prohibition as to a plaintiff's recovering from another, perhaps parallel but separate, source even where he has no net loss from an injury, as when he himself carries personal accident insurance and has been paid or where contributions are made by friends or employers. Restatement, 4 Torts § 920, comment e. It is clear, however, that the origination of such payments must be a source unconnected with the wrongdoer. *Hudson* v. *Lazarus,* 217 F.2d 344, 95 App. D.C. 16. "The philosophy underlying the Collateral Source Rule seems to be that either the injured party or the tort feasor is going to receive a windfall, if a part of the pecuniary loss is paid for *by an outside source* and that it is more just that the windfall should inure to the benefit of the injured party than that it should accrue to the tort feasor. This conclusion seems to be based on substantial justice. This reasoning, however, does not apply in a situation where the collateral source is the defendant himself. Under those circumstances . . . the result would be that the

plaintiff would receive a double recovery and that the defendant would be mulcted twice for the same item of damages. Suppose, for example, the defendant himself paid the plaintiff's entire medical bill prior to the institution of the action or prior to the trial. Obviously the plaintiff would not be paid twice for the same item and would not be permitted to recover his medical bills as an item of special damages. Goodwin v. Giovenelli, 117 Conn. 103, . . . a decision of the Supreme Court . . . of Connecticut [italics supplied]." *Adams* v. *Turner,* 238 F. Sup. 643, 644; see 25 C.J.S. 1011, Damages, § 99 [1].

This defendant has paid for insurance coverage as to the item of medical payments as he has for the liability element and other features of his protection as contracted for. He has created the subordinate source. The carrier has been paid premiums by the defendant which resulted in recovery of $521.50 by the plaintiff for the latter's medical expenses. To forbid this defendant from pleading such payment would expose him to the possibility of an undeserving and unreasonable double payment. Unless the defendant is permitted to plead such past payment of these medical expenses, he could not in this action claim credit therefor in the event of a recovery by the plaintiff. *Yarrington* v. *Thornburg,* 198 A.2d 181, 185 (Del. Super.).

It would be inequitable to construe the coverage agreement so as to furnish a vehicle by which a plaintiff might collect double the amount of his medicals. *Gunter* v. *Lord,* 242 La. 943; *Hawayek* v. *Simmons,* 91 So. 2d 49, 56 (La. App.); note, 11 A.L.R.3d 1115; see *L'Manian* v. *American Motorists Ins. Co.,* 4 Conn. Cir. Ct. 524, 529; *Coyne* v. *Campbell,* 11 N.Y.2d 372, 374; *Moore* v. *Leggette,* 24 App. Div. 2d 891 (N.Y.).

Parenthetically, it is observed that the pleading as proposed may result in an attention-compelling demonstration of the presence of insurance coverage in a given action. This court is not called upon to discuss the wisdom or desirability, or the lack of either, of such probable disclosure. However, and until other procedural methods are devised and approved to effect that which appears to be the desired end, namely, that of reducing the potential of a recovery so that only a single payment of medical expenses is considered where, as here, there is no collateral source involved, the amendment to the pleading as offered would appear to be proper. *Turner* v. *Mannon,* 236 Cal. App. 2d 134.

This motion for permission to amend the answer is granted.