## Doris M. Gidius *v.* The Aetna Casualty and Surety Company

Superior Court      Tolland County      File No. 16073

Memorandum filed December 18, 1974

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the plaintiff.

*Adinolfi, O'Brien & Hayes,* of Hartford, for the defendant.

Sidor, J. The defendant insurance company issued a policy to Paul R. Gidius insuring him against loss or damage on account of bodily injury by accident of any person, for which loss or damage he is legally liable. The policy was in effect on March 31, 1970, when the plaintiff's cause of action for bodily injury against him arose. In a suit by the plaintiff against the insured (*Gidius* v. *Links,* Superior Court, Tolland County, No. 14568), a verdict in the amount of $30,000 plus costs of $1221.88 resulted after trial against the insured.

By its answer here, the defendant admits that the judgment in the prior suit is final since no appeal was taken. The plaintiff claims that she made a

demand on the defendant for that judgment and that her demand has been refused. The defendant admits the material allegations of the complaint but, by way of special defense, alleges that it paid $5,000 to the plaintiff toward her medical expenses. The defendant insists on a credit of that sum. It alleges further that it tendered the balance of $26,221.88. The defendant admits, however, that the $5,000 was paid under the medical payments coverage section of the policy. The plaintiff attacks the special defense by demurrer claiming that it fails to state a legally sufficient defense to the cause of action pleaded in the complaint.

Under General Statutes § 38-175 the insured could have paid the judgment and made a claim against the defendant. The statute permits the judgment creditor to be subrogated to the insured's rights. Under the pleadings, no claim is made that the policy confers such a right in the insurer. For the purpose of this demurrer, it will be considered that no such policy right exists. Further, the defendant does not allege that it made such a claim, by way of pleading, in the prior suit against the insured, although the payment was made three years prior to judgment.

The plaintiff claims that the issue thus raised by the special defense is whether an insurance company which makes a payment under the medical payments coverage of its policy is entitled to deduct the amount of that payment from a judgment later rendered against its liability insured when the policy confers no such right and the payment was not pleaded in the suit against the insured.

The plaintiff argues that the rule adopted in *Ekblade* v. *Anderson,* 28 Conn. Sup. 177, and cited by the defendant has no application in the instant case. She notes that the case at bar is not against

the tort-feasor but is rather against the insurance company under the Direct Action Statute (§ 38-175). She says that the defendant is obligated to pay "all sums that the insured shall become legally obligated to pay." Nothing in the policy gives the defendant the right to deduct anything from the amount of that legal liability as established by judgment of the Superior Court.

The plaintiff contends further that if the defendant wished to claim that the amount of a prior payment under its medical payments coverage decreased the legal liability of its insured, then the defendant was required to plead and prove that payment in the suit against its insured.

The defendant did not, apparently for tactical reasons, plead that payment or request after verdict that the amount of the payment be deducted from the verdict before judgment was entered. Rather, the defendant permitted the judgment against its insured to enter and to become final for the full amount of the verdict.

The plaintiff's argument is sound and merits consideration. The issue here could have been raised in the prior suit. Covenants not to sue and their consideration are presented to the jury or the court. Even after the verdict was accepted, and before judgment was rendered on the verdict, the court could have considered the claim of the defendant.

It is concluded that the defense is not available to the defendant in this cause of action for the reasons noted above.

The demurrer to the special defense is sustained.