THOMAS PRATES *v.* THOMAS H. HALL, SR., ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1265

Argued May 18 – decided June 4, 1982

*Ivan M. Katz,* for the appellant (defendant).

*Michael A. Wolak III,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover the sum of $1500, which he allegedly had loaned to the defendant. During the course of the

trial, the parties introduced conflicting evidence and testimony relevant to the issue of whether the defendant was directly liable for the loan, or was liable only as guarantor of a loan made to his son. Concluding that the defendant was in fact directly liable for the debt, the trial court rendered judgment for the plaintiff.

The defendant has appealed, contending that the evidence adduced at trial did not support the plaintiff's allegation that "the plaintiff lent the $1500.00 to the defendant." In determining whether the defendant was personally liable to the plaintiff, the trial court was confronted with a basic question of credibility. After weighing the conflicting testimony, the trier of fact concluded that the evidence "substantiated the position of the plaintiff regarding the direct loan." "A conclusion of the trial court must be allowed to stand if it is reasonably supported by the relevant subordinate facts found and does not violate law, logic or reason." *Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978). Mindful of this standard, we have reviewed the record and transcript and have concluded that the trial court's findings, reasonably found, sufficiently support its conclusion that the defendant was directly liable to the plaintiff for repayment of the loan.

There is no error.

DALY, BIELUCH, and COVELLO, Js., participated in this decision.