### JOSEPH MANCINI v. LIBERTY MUTUAL INSURANCE COMPANY

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1269

Argued September 21—decided November 12, 1982

*Roger J. Frechette,* for the appellant (plaintiff).

*William W. Sprague,* with whom, on the brief, was *Noble K. Pierce,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover the sum of $2544.08 which he claims is owed by the defendant pursuant to an agreement to settle a pending negligence action.

The facts which precipitated this action are as follows: On October 5, 1971, the plaintiff sustained job related personal injuries as a result of which he made a claim against the defendant's insured. In consideration for a release of this claim, the defendant's representative agreed to pay the plaintiff $500,000. On June 1, 1978, the defendant issued a check to the plaintiff in the amount of $497,455.92. This amount represented the $500,000 settlement less $2544.08 which it had earlier paid to the plaintiff in October and November, 1971. The plaintiff then instituted this action on the $500,000 contract to which the defendant interposed the special defense of payment pursuant to Practice Book § 164.

The trial court found that the defendant did, in fact, pay $2544.08 to the plaintiff and that this amount constituted an advance payment pursuant to its anticipated liability on the personal injury claim. The plaintiff contends that the court erred in considering the special defense of payment because it was not raised in the underlying negligence action and neither the plaintiff nor his attorney had knowledge of it. We do not agree.

This is an action for breach of contract. As such, a claim of payment may be interposed by way of special defense pursuant to Practice Book § 164. There is no legal requirement that the defense of payment, to be valid in this action, must have been raised in the underlying negligence suit which gave rise to the settlement agreement. The plaintiff's reliance on *Gidius* v. *Aetna Casualty & Surety Co.,* 32 Conn. Sup. 52, 337 A.2d 338 (1974), is misplaced. In that case, the prior payments were specifically made under a separate coverage of the policy. Thus, it is distinguishable from the case before us.

Whether the plaintiff or his attorney had knowledge of the advance payments was a question of fact. "It is for the trier to pass upon the credibility of witnesses and the weight to be accorded the evidence." *Edge wood Construction Co.* v. *West Haven Redevelopment Agency,* 170 Conn. 271, 272, 365 A.2d 819 (1976). "A conclusion of the trial court must be allowed to stand if it is reasonably supported by the relevant subordinate facts found and does not violate law, logic or reason." *Kearney* v. *State,* 174 Conn. 244, 252, 386 A.2d 223 (1978); *Prates* v. *Hall,* 38 Conn. Sup. 373, 374, 448 A.2d 218 (1982).

The court concluded that the defendant sustained its burden of proving the special defense of payment. See Holden & Daly, Connecticut Evidence § 59 (c). The court had before it the canceled checks issued by the defendant and payable to the plaintiff. The total

amount of these checks was $2544.08. Thus, we conclude that the court's finding that the defendant sustained its burden of proof was amply supported by the evidence.

There is no error.

DALY, COVELLO and F. HENNESSY, Js., participated in this opinion.