DONNA FORTIER *v.* FRANK LAVIERO, JR.
(4800)

BORDEN, SPALLONE and BIELUCH, Js.

Submitted on briefs February 2—decision released March 17, 1987

*Ronald Petosa* filed a brief for the appellant (defendant).

*Theodore J. Wurz* and *Maroun G. Zoghbi* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendant is appealing from the judgment of the trial court, rendered in a paternity action, finding that he is the father of the minor child born to the plaintiff. The defendant claims the court erred: (1) in allowing into evidence proof of the defendant's blood type when such evidence was extracted from the results of blood grouping tests that are inadmissible under General Statutes § 46b-168; (2) in draw-

ing inferences and conclusions of paternity based on blood types without expert testimony; and (3) in making a finding of paternity without giving sufficient consideration and proper weight to the relevant circumstances.

Because of the express findings of the trial court, we do not find it necessary to discuss in depth the defendant's first two claims of error regarding the blood grouping tests. Even if we assume arguendo, that the court erred in allowing into evidence the defendant's blood type, the defendant has failed to show that, given the other evidence relied on by the court, the admission was harmful. The court made only limited use of the evidence of the defendant's blood type, and explicitly found that "the most convincing evidence of paternity" was the testimony of the parties themselves. In order to establish reversible error, the defendant has the burden of showing that an error is both erroneous and harmful. *Manning* v. *Michael,* 188 Conn. 607, 611, 452 A.2d 1157 (1982); *Grievance Committee* v. *Goldfarb,* 9 Conn. App. 464, 475, 519 A.2d 624 (1987). The defendant has failed to meet this burden. Accordingly, we find no reason to disturb the court's decision based on the defendant's first two claims of error.

The defendant's third claim of error, that the court did not give sufficient consideration to the relevant circumstances in this case, is without merit. Despite his efforts to frame this issue otherwise, this claim is, in essence, an attack on the factual findings of the court. The trial court expressly found that the plaintiff's witnesses were more credible than the defendant's witnesses, that the plaintiff's testimony was more credible than the defendant's, and that the child bore a striking resemblance to the defendant. Further, the trial court stated: "the most convincing evidence of paternity here is the testimony of both Frank and Donna [the defendant and the plaintiff]. Frank stated he had

a relationship with Donna from 1982 but broke it off in the fall of 1983. Donna testified that she had relations with Frank in 1983 through August of 1984, and during this period she did not have relations with anybody else. Simply stated, *the court believes her on both statements.*" (Emphasis added.) This statement is a classic example of the proper exercise of the court's function as the finder of fact. The trial court was required to resolve the apparent contradictions in the testimony of the parties. It chose to believe the plaintiff. The defendant is asking us to retry the case. We cannot. Our review of the trial court's factual findings is limited solely to the determination of whether they are clearly erroneous. Practice Book § 4061 (formerly § 3060D); *Cookson* v. *Cookson,* 201 Conn. 229, 243, 514 A.2d 323 (1986); *Cook* v. *Nye,* 9 Conn. App. 221, 224, 518 A.2d 77 (1986). We do not find that they are.

There is no error.