ROCKLEN, INC., ET AL. *v.* GEORGE RADULESCO ET AL. (3376)

HULL, DALY and STOUGHTON, Js.

Argued February 9—decision released March 24, 1987

*Daniel V. Presnick,* for the appellant (named defendant).

*Geoffrey A. Hecht,* for the appellees (plaintiffs).

*Ronald A. Stone,* for the appellees (defendant Anthony J. Grammatico et al.).

HULL, J. This case involves the transfer of a business and the conveyance of a leasehold interest in the premises upon which the business operated. The lessor sued the lessee and the transferee of the lease for nonpayment of rent. The lessor also alleged that a property conveyance made by the lessee, which rendered the lessor unable to attach that property, was fraudulent. The transferee filed a cross complaint against the lessee, alleging misrepresentation in the sale of the business to him and fraudulent conveyance. The court held that the transfer of the lease from the lessee to the transferee was an assignment and that the transferee and lessee were therefore jointly liable to the lessor for the unpaid rent. The court further held that the property transfer in question was fraudulent as to the lessor but not as to the transferee. On the cross complaint, the court held that while the transferee waived his rights to a rescission of the contract, he was entitled to damages from the lessee based on the lessee's fraud in the sale of the business.

From the judgment rendered, the transferee appealed, claiming (1) that the transfer of the leasehold to him from the lessee created a subtenancy and not an assignment, (2) that the court erred in holding that there was consideration between the landlord and the transferee (3) that the court erred in holding that the fair market value of the business was $35,000, (4) that the court erred in not granting him a rescission of his contract, and (5) that the court erred in holding that the transfer of real property from the lessee to his wife was not a fraudulent conveyance as to the transferee. We find error on the final claim.

The trial court found the following facts. The plaintiffs, Rocklen, Inc., and Sherman Rocklen, owners of the premises known as 476–480 Elm Street, West Haven, leased a portion of that premises to the defendant, Anthony Grammatico, by written lease dated May 11, 1976. In June, 1976, the plaintiff Howard Rocklen acquired an interest in the property. At all relevant times thereinafter, the three plaintiffs owned the premises. The premises was used as a roller skating rink and restaurant. The lease contained four separate options to renew. The first two options were exercised, obligating the tenant to pay monthly installments of rent, and a portion of certain other charges in connection with the property and business.

On January 21, 1982, while still operating the business, Grammatico transferred all of his interest in his home to the defendant Janet Grammatico, his wife, rendering creditors unable to reach that asset through regular legal channels. On February 24, 1982, Grammatico transferred "all of his rights, title and interest in and to said lease" to the defendant George Radulesco. The plaintiffs consented to this transfer in writing. The business apparently was unsuccessful, and the plaintiffs did not receive payments for the months of December, 1982, through April, 1983, inclusive. They consequently

brought suit against Grammatico for rent and against Radulesco for rent, use and occupancy. The plaintiffs also alleged that Grammatico's transfer of their home to his wife was voidable as a fraudulent conveyance.

Radulesco filed a cross complaint against Grammatico in a three count complaint.[1] In his cross complaint, Radulesco alleged that a fraudulent conveyance had taken place, that material misrepresentations had been made, and that those representations constituted a violation of Connecticut's Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq.

The court rendered judgment for the plaintiffs on their complaint, rejecting all claims and special defenses of the defendants. The court found for Radulesco on the third count of his cross complaint, which alleged violations of CUTPA. The court also found that the January 21, 1982 conveyance of the home was not a fraudulent conveyance as to Radulesco, since Radulesco was not a creditor of Grammatico at the time of the conveyance, and thus was not prejudiced by the transfer.

Radulesco's first claim is that the court erred in holding that the transfer of the leasehold from Grammatico to Radulesco was an assignment of the lease rather than the creation of a subtenancy. We do not agree.

The basic distinction between an assignment and a sublease is that by the former, the lessee conveys his whole interest in the unexpired term, leaving no reversion in himself; the latter transfers only a part of the leased premises for a period less than the original term. *T. A. D. Jones Co.* v. *Winchester Repeating Arms Co.*, 55 F.2d 944, 947 (D. Conn.), aff'd, 61 F.2d 774 (2d Cir. 1932), cert. denied sub nom. *Southeastern Investment*

---

[1] The fourth count and a portion of the third count were withdrawn during trial.

*Co.* v. *Tobler,* 288 U.S. 609, 53 S. Ct. 401, 77 L. Ed. 983 (1933). Contrary to Radulesco's claim, a mere reservation of the right of entry on default does not constitute retention of a reversionary interest. *Thomas* v. *United States,* 505 F.2d 1282, 1287 (Ct. Cl. 1974).

In the present case, Grammatico assigned "all of his rights, title and interest in and to said lease" to Radulesco. Radulesco thereinafter clearly had an assignment of the lease. The entire lease had been transferred; there was no reversionary interest which would have rendered the interest Radulesco received a subtenancy.

Radulesco's second claim is that the court erred in holding that there was consideration between the plaintiffs and Radulesco for the transfer of the leasehold to Radulesco. We do not agree. The trial court correctly held that the assignment of a lease is sufficient consideration to support the legal obligation of the defendant Radulesco to pay rent. See *Dwyer* v. *Hamre,* 123 Conn. 137, 138–39, 193 A. 207 (1937). By accepting the assignment and entering into possession of the premises, sufficient consideration passed between Radulesco and Grammatico to obligate Radulesco to perform what had previously been Grammatico's duty, to pay rent.

Radulesco next claims that the court erred in holding that the fair market value of the business was $35,000. We do not agree.

On direct examination, Radulesco testified that he had asked $65,000 to sell the business. His realtor confirmed the asking price. No offers were made at that asking price; in fact, no negotiations ever took place at that time. Radulesco testified that he received a $35,000 offer for the business, but had received no higher offer. The court found that the business deteriorated while Grammatico operated it, and that it was

not worth what it once had been. Grammatico confirmed this and testified as to various reasons for the deterioration.

The court had competent evidence upon which it could have found that the value of the business was $35,000. Radulesco is asking us to retry the case. We cannot. Our review of the trial court's factual findings is limited solely to a determination of whether they are clearly erroneous. Practice Book § 4061 (formerly § 3060D); *Fortier* v. *Laviero,* 10 Conn. App. 181, 183, 522 A.2d 313 (1987); *Cook* v. *Nye,* 9 Conn. App. 221, 224, 518 A.2d 77 (1986). We find that they are not.

Radulesco's fourth claim is that the court erred in not granting him a rescission of his contract. He claims that the rescission was justified because Grammatico violated CUTPA, and therefore the contract was unconscionable and illegal.

The trial court held that it need not determine whether Grammatico made a material misrepresentation to Radulesco, since the latter never made any attempt to rescind. The court stated that Radulesco in fact continued in his attempt to sell the business until the time of eviction. He therefore waived any right of rescission due to his own failure to inquire as to his rights for well over a year after he knew or should have known that he had purchased a dying business. We agree.

"To determine the presence of waiver, there must be evidence of intelligent and intentional action by the petitioner of the right claimed to be waived. Waiver does not have to be express but may consist of acts or conduct from which it may be implied. *Talton* v. *Warden,* 171 Conn. 378, 385–86, 370 A.2d 965 (1976)." *McClain* v. *Manson,* 183 Conn. 418, 430, 439 A.2d 430 (1981); see also *Goldenberg* v. *Corporate Air, Inc.,* 189 Conn. 504, 510, 457 A.2d 296 (1983). "In other words,

waiver may be inferred from the circumstances if it is reasonable so to do." *Loda* v. *H. K. Sargeant & Associates, Inc.,* 188 Conn. 69, 76, 448 A.2d 812 (1982).

In the present case, the court made lengthy factual findings concerning the financial status of the business, and determined from those facts that Radulesco knew or should have known "that he had purchased a dying business." Again, we will not retry the facts in this case. We cannot on the basis of the evidence and the record as a whole conclude that the trial court's conclusion was clearly erroneous. *Loda* v. *H. K. Sargeant & Associates, Inc.,* supra, 75.

The defendant's final claim is that the court erred in holding that the transfer of real property from Anthony to Janet Grammatico was not a fraudulent conveyance as to him. We agree.

To prove that a conveyance was fraudulent, it must be shown either that the conveyance was made without any substantial consideration and rendered the debtor unable to pay his existing debts, or that it was made with a fraudulent intent in which the grantee participated. *Bizzoco* v. *Chinitz,* 193 Conn. 304, 312, 476 A.2d 572 (1984); *Town Bank & Trust Co.* v. *Benson,* 176 Conn. 304, 307, 407 A.2d 971 (1978).[2] If the second alternative is proved, then every conveyance made

---

[2] General Statutes § 52-552 provides an alternative method of proving a transaction fraudulent. It provides that "[a]ll fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only . . . to whom such debt or duty belongs." The terms of this statute are broad enough to include every transaction by which creditors may be defrauded; it is not the nature or form of the transaction but the presence of fraud which brings a case within the prohibition of the statute. "Within the purview of the Uniform Fraudulent Conveyance Act, moreover, the term conveyance by definition includes every payment of money, assignment, release, transfer, lease, mortgage, or pledge of tangible or intangi-

with the actual intent to defraud either present or future creditors is fraudulent as to both present and future creditors; *Wilcox* v. *Johnson,* 127 Conn. 539, 542, 18 A.2d 372 (1941); *Dombron* v. *Rogozinski,* 120 Conn. 245, 247, 180 A. 453 (1935); and will be set aside. *Molitor* v. *Molitor,* 184 Conn. 530, 534, 440 A.2d 215 (1981); *Derderian* v. *Derderian,* 3 Conn. App. 522, 528, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985). There is no requirement that the transferor's intent to defraud be directed against any particular person. Our courts have long held that "since every person is conclusively presumed to intend the natural and necessary consequences of his acts, if he makes a fraudulent conveyance with specific intent to avoid the debt of one with the necessary effect of avoiding it as to another, the conveyance is [fraudulent] as to the latter debt as well. *Allen* v. *Rundle,* 50 Conn. 9, 31, [1882]; *Wilcox* v. *Johnson,* [supra, 542]." *Peerless Mfg. Co.* v. *Goehring,* 131 Conn. 93, 95, 38 A.2d 5 (1944). Further, insolvency is not a necessary element of a fraudulent conveyance under Connecticut law if the second alternative is proved; rather, a conveyance is fraudulent if motivated by a desire to circumvent any debt or duty. *In re Martin-Trigona,* 763 F.2d 503, 506 (2d Cir. 1985).

The court in the present case found that Grammatico "transferred his interest in his home to his wife in order to insulate it from creditors' claims. . . . [Grammatico's] action was taken to defeat or hinder the plaintiffs from collecting their debt." The court found further that

ble property, and also the creation of any lien or encumbrance." *D. H. R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 433, 429 A.2d 908 (1980).

Although we need not address the statute in light of our decision on this issue, we find that all of the elements necessary for proof under the statute are present in this case. For a recent analysis of a fraudulent conveyance claim under General Statutes § 52-552, see id., 432–34.

Janet Grammatico "was a willing participant in the transaction and knowingly assisted her husband in the fraudulent transfer."

In a fraudulent conveyance action, whether the conveyance was made with fraudulent intent by the grantor, in which the grantee participated by accepting the conveyance, is purely a factual question. *Zapolsky* v. *Sacks,* 191 Conn. 194, 200, 464 A.2d 30 (1983); *Town Bank & Trust Co.* v. *Benson,* supra, 308–309. We will not retry the facts. We have reviewed the record and agree with the trial court that from the facts it found, the correct conclusion was drawn as to the plaintiffs. The court did not, however, make the next required finding, that therefore the transfer was fraudulent as to Radulesco as well as to the plaintiffs. See *Wilcox* v. *Johnson,* supra. We find that since all the elements of a fraudulent conveyance were found to be present as to Rocklen, they must also be present as to Radulesco, who became a creditor soon after the transfer took place.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the transfer of real property between the defendants Grammatico should be set aside as fraudulent as to the named defendant.

In this opinion the other judges concurred.