[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT LUBA GROSSMAN'S MOTION FOR SUMMARY JUDGMENT (#120)
Facts
The plaintiff, Derby Savings Bank, has brought this action to collect on a promissory note against the defendants, James Tucker, Edmond LaFlamme, John Scinto, Harry Grossman, John McGovern, Patricia McGovern, Luba Grossman and Judith Scinto.
The following facts are alleged in the plaintiff's five count complaint filed on January 22, 1990. On November 13, 1986, the plaintiff loaned the defendant James Tucker $125,000.00, in return for which Tucker executed a promissory note to the plaintiff. On the same date, the defendants Edmond LaFlamme, John Scinto, Harry Grossman and John McGovern guaranteed any loans which the plaintiff might make to Tucker up to a limit of $200,000.00. On November 5, 1987, Tucker's indebtedness was increased to $200,000.00, and a new promissory note was executed. The note was last renewed on May 1, 1989. Demands on the defendants having been made pursuant to their guarantee contracts, the plaintiff now seeks to collect on the notes through this action.
Count four of the plaintiff's complaint alleges that on May 11, 1988 defendant Harry Grossman fraudulently conveyed real property owned by him to his wife, defendant Luba Grossman, in order to avoid forfeiting the property to the plaintiff in satisfaction of the guarantee contract.
The defendants Harry and Luba Grossman filed a joint answer on April 9, 1990. On July 30, 1990, defendant Luba Grossman filed a motion for summary judgment as to the fourth CT Page 1258 count of the complaint which is directed against her. In support of her motion, the defendant provided: a memorandum of law; her own affidavit and an affidavit of Harry Grossman. The plaintiff filed an objection to the motion for summary judgment on August 17, 1990.
Argument on the defendant's motion for summary judgment was heard at short calendar on August 20, 1990.
Discussion
"In any action. . .any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Conn. Practice Bk. section 379. Summary judgment may be granted only where "the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. section 384.
The defendants Luba Grossman and Harry Grossman state in their affidavits that the conveyance of the property was for convenience and was done simultaneously with a transfer from Luba to Harry and then back again.
The plaintiff argues in its memorandum in opposition that whether there is fraud involved with the conveyance is a question of fact.
Connecticut General Statutes section 52-552 provides:
 Fraudulent conveyances, judgments, contracts, when void. All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.
"To prove that a conveyance was fraudulent, it must be shown either that the conveyance was made without any substantial consideration and rendered the debtor unable to pay his existing debts, or that it was made with a fraudulent intent in which the grantee participated." Rocklen, Inc. v. Radulesco, 10 Conn. App. 271, 277 (1987). "A husband has an undisputed right to transfer property to his wife without adequate consideration so long as he is not thereby disabled from paying his obligations and the transfer is not made with CT Page 1259 the fraudulent intent of concealing the property from his creditors or of avoiding their claims." Skinner v. Skinner,154 Conn. 107, 109 (1966).
Since this was a conveyance from husband to wife, the first test, as put forth in Rocklen, supra, is not applicable here. The issue here is whether the conveyance was made with a fraudulent intent to conceal the property from creditors or of avoiding their claims.
"If the second alternative is proved, then every conveyance made with the actual intent to defraud either present or future creditors is fraudulent as to both present and future creditors." Rocklen, supra at 278. However, "[w]hether the. . .conveyance was made with a fraudulent intent by the grantor which the grantee participated in by accepting the conveyance is purely a question of fact. The determination of the question of fraudulent intent is clearly an issue of fact which must often be inferred from surrounding circumstances." Zapolsky v. Sacks, 191 Conn. 194,200 (1983) (citations omitted); see also Skinner v. Skinner, supra at 110; Rocklen, supra at 279; Batick v. Seymour, 186 Conn. 632, 648 (1982).
In the present action, whether the defendant, Luba Grossman, intended to defraud the plaintiff, Derby Savings Bank, by her participation in the conveyance of real property on May 11, 1988, is a question of fact to be determined by the trier of fact.
Based on the foregoing, the defendant Luba Grossman's motion for summary judgment (#120) is denied.
So ordered.
HARTMERE, J.