[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action, the plaintiffs seek to penetrate an allegedly fraudulent transfer of property in order that the property transferred may be reached to satisfy a debt due them. The essential facts are not in dispute.
In March, 1956, the defendants, Helen K. Dunn and Walter E. Dunn, husband and wife, acquired in survivorship premises on Shelton Avenue in Wolcott and they both have since resided together in it as their home. Over most of the years, Helen K. Dunn was without income and all expenses in connection with the home were paid by Walter E. Dunn either from his salary, a worker's compensation award, or social security benefits. Recently Helen K. Dunn became eligible for a social security award CT Page 2728 and that has been made available for household expenses. In the late 1970's, Walter E. Dunn was sued. He was represented in that litigation by the plaintiffs. In May, 1980, at the suggestion of the plaintiffs, Walter E. Dunn quitclaimed his interest in the property to Helen K. Dunn. The deed was prepared by the plaintiffs and a partner was a witness on the deed and also took the acknowledgement of the releasor. Thereafter, the litigation terminated in a defendant's verdict. Subsequently, in September, 1983, Walter E. Dunn suffered a serious injury in the course of his employment. He was represented in Worker's Compensation proceedings by the plaintiffs and received a substantial award. Although he made a partial payment for services rendered, a substantial balance remains due. The plaintiffs sued Mr. Dunn and in August, 1988, received a judgment against him of $3,078.80 which is unpaid. At the trial, Mrs. Dunn did not appear as a witness despite a subpoena, but her non-appearance was caused by her physical condition.
I find there are sufficient badges of fraud, including the 1980 transfer while litigation was pending and Mr. Dunn's continued residency in the home and the payment by him of at least the substantial portion of the expenses to justify the conclusion that the 1980 transfer was in fraud on creditors. I am aware of such cases as Rocklen, Inc. v. Radulesco, 10 Conn. App. 271 to the effect that if the transfer was made with fraudulent intent in which the grantee participated, then it is fraudulent as to both present and future creditors, and the plaintiffs fall into the second category.
However, the unique circumstances of this case show that the plaintiffs were active participants in the perpetration of the fraud. They suggested the transfer and did the necessary paperwork to carry it out. As they were the attorneys for Mr. Dunn in the then pending litigation, they were clearly aware that he was under risk of an adverse judgment. Clean hands has been raised as a special defense. That doctrine applies even if the opposite party to the suit is also in delicto provided that the wrong of each is connected with the matter of the suit. 4 ALR 64; Yale Gas Co. v. Wilcox, 64 Conn. 101, 128; Lyman v. Lyman.,90 Conn. 399, 406.
As the plaintiffs do not have clean hands, judgment may enter for the defendants.
J. HEALEY, STATE TRIAL REFEREE CT Page 2729