[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISSOLVE (No. 102)
Plaintiff bank brought this action to recover on a $100,000.00 note from the defendant, Gerald Marcus. Plaintiff placed a lis pendens on property standing in the name of defendant Wendy Marcus claiming that the conveyance of the subject property to her was fraudulent.
Defendant Wendy Marcus moved to discharge the Notice of Lis Pendens, and the court heard evidence on the question of whether there is probable cause to sustain the validity of the fraudulent conveyance claim.
Plaintiff's burden on this motion is to sustain the validity of its claim. Civil probable cause is "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." One Fawcett Place Limited Partnership v. Diamandus Communications, Inc., 24 Conn. App. 524, 525 (1991).
Connecticut General Statutes 52-552 sets forth those conveyances which may be voided:
 All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns to whom such debt or duty belongs.
In Rucklen, Inc. v. Radulesco, 10 Conn. App. 271, 277
(1987), the court sets out the two tests for fraudulent conveyances:
1. whether the conveyance was made without substantial consideration and rendered the debtor unable to pay his existing debts; or 2. the conveyance was made with fraudulent intent in which the grantee participated.
The court heard nothing as to defendant debtor's insolvency at the time of the transfer. Indeed, the interest payments on the subject note were current and there was no evidence that defendant debtor was unable to pay his debts as CT Page 5369 they came due. If plaintiff is to prevail on this motion, it must be on its claim that the conveyance was made with fraudulent intent.
I. THE NOTE
The parties put on evidence, briefed and argued the question of whether the note was a demand note properly called or an installment obligation which was not in default.
The note (plaintiff's exhibit B) was labeled a demand note and in the first paragraph stated that it was payable on demand. Defendant debtor's argument that by putting a listing of events of default in the note it became an installment obligation is unpersuasive. Under this rationale, as long as interest payments were made, the note would never be due. This bizarre result was not intended by the parties.
The court finds that the note was a demand note and that it was properly called for purposes of this hearing.
II. FRAUDULENT CONVEYANCE
Not every transfer of real estate between spouses is fraudulent. Skinner v. Skinner, 154 Conn. 107 (1986). Here, the deed in question was executed on January 23, 1989 but not recorded until May 3, 1989, the day defendant debtor drew down the $100,000.00 proceeds evidenced by his note of April 27, 1989. The defendant debtor listed the subject property as his on his loan application in March of 1989.
Circumstantial evidence is appropriate and sometimes essential in proving a fraudulent conveyance. Zapolsky v. Sacks, 191 Conn. 194, 200 (1983). The circumstances shown here by the evidence are:
1. A conveyance of defendant debtor's interest in the subject real estate to his defendant spouse by deed executed January 23, 1989. 2. A loan application to plaintiff dated March 7, 1989 (plaintiff's exhibit A) listing the subject property as an asset owned solely by defendant debtor. 3. A draw down of the loan proceeds and recording of the deed on the same day, May 3, 1989.
While the court is not unmindful of defendant debtor's claims and testimony, for purposes of probable cause, plaintiff has presented sufficient evidence to sustain the validity of its claim. CT Page 5370
The motion to discharge is denied.
E. EUGENE SPEAR, JUDGE