[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant Cynthia Kaufman motion for summary judgment of a two-count complaint,
The first count alleges that the defendant signed a note dated July 25, 1992. Further, on June 22, 1988, the defendant transferred, without consideration, certain real property to his wife. This count is obviously framed in language of constructive fraud.
The second count is framed in terms of actual fraud and alleges that when the property was transferred to his wife, the defendant had actual intent to defraud the plaintiff and/or his other creditors.
Neither of these counts meet the tests of Rocklen Inc. v.Radulesco, 10 Conn. App. 271 (1987). Justice Hull at page 277 ofRocklen stated:
 To prove that a conveyance was fraudulent, it must be shown either that the conveyance was made without any substantial consideration and rendered the debtor unable to pay his existing debts, or that it was made with a fraudulent intent in which the grantee participated. [Emphasis added.]
The allegations of the complaint fail to meet completely any of the two tests of Rocklen.
The court finds that a three year statute of limitations applies; however, since the complaint fails to state any grounds for fraud, actual or constructive, there is no period of time from which to measure the running of the statute of limitations It follows, that there can be no "tolling" of a statute that is inapplicable.
The proper way to attack the legal sufficiency of a complaint is by a motion to strike. Our Appellate Court has stated that the purpose of the motion for summary judgment is not to test the legal sufficiency of the complaint, but to test for the presence of contested factual issues. Burke v. Avitabile, 32 Conn. App. 765,772 (1993). However, in Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 408-409 (1971), the Supreme Court appears to indicate that summary judgment can be used to test the sufficiency of the complaint prior to judgment. CT Page 8832
There are a raft of Superior Court cases which have consistently relied upon Boucher language in allowing the legal sufficiency of a complaint to be challenged by a motion for summary judgment.
Accordingly, since both of the counts are legally insufficient, the motion as to both counts is granted, as to Cynthia Kaufman.