[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiff, Yale New Haven Hospital ("the plaintiff"), has filed a one count complaint against the defendants, Joan M. Hicks, Laura S. DeFrancesco and Kevin Lewis Hicks ("the defendants"). In the complaint, the plaintiff alleges that on and after October 16, 1996, the plaintiff rendered medical services to the Defendant Joan Hicks which, including interest and costs of suit, are now valued at $212,041.82. The complaint further alleges that prior to this date, on September 9, 1996, the defendant Joan Hicks, in anticipation of the costs she was about to incur, fraudulently transferred the title to certain property to her children, the other named defendants, in order to place the property beyond the reach of legal process for collection of the plaintiff's claims. In the prayer for relief, the plaintiff asks that the conveyance be set aside and that the property in question be reconveyed to the defendant Joan M. Hicks.
On December 8, 1998, the defendants filed a motion for partial summary judgment against the plaintiff on the ground that CT Page 1369 the plaintiff, as a "future creditor," does not have the standing to bring the present action and, therefore, the court lacks subject matter jurisdiction over the plaintiff. Specifically, the defendants argue that the Connecticut statutes adopting the Uniform Fraudulent Transfer Act ("UFTA"), General Statutes §52-552a et seq., do not provide a right of action for future creditors, but are specifically limited to "present creditors." As such, the plaintiff, who claims the defendant Joan Hicks fraudulently conveyed property to her children before the debt actually arose, lacks standing to bring the present action.
The plaintiff objects to the motion for summary judgment. Specifically, the plaintiff argues that it is not bringing an action under § 52-552a et seq., but rather is maintaining a common law action. According to the plaintiff, the common law provides future creditors a cause of action for the fraudulent conveyance of property which the legislature has not expressly displaced by its adoption of the UFTA.
The defendants' motion implicates the power of the court to hear the case, and the "proper way to challenge subject matter jurisdiction is by a motion to dismiss, rather than a motion for summary judgment." Booth v. Flanagan, 19 Conn. App. 413, 415,562 A.2d 592 (1989). However, "[o]nce the matter of subject matter jurisdiction comes to the attention of the trial court . . . the trial court can proceed no further until the issue is resolved."Ertel v. Carothers, 34 Conn. App. 18, 21, 639 A.2d 1055 (1994). Accordingly, this court will treat the defendants' motion for partial summary judgment as a motion to dismiss since a claim of lack of subject matter jurisdiction is properly brought by a motion to dismiss pursuant to Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. Neylan v. Pinsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 375368 (October 18, 1996) (Freedman, J.)
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp. , 44 Conn. App. 446, 451-52, 689 A.2d 1145 (1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the CT Page 1370 matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996).
The parties are in agreement as to certain language of General Statutes § 52-552a et seq. in regards to "present creditors." The statutes clearly state that a fraudulent transfer occurs only as to present creditors where "a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made . . ." (Emphasis added.) General Statutes § 52-552e. See also §52-552f; Schultz v. Direct Mail Services, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305653 (February 1, 1996) (Ballen, J.) (motion to strike fraudulent transfer claim granted where plaintiff is found not to be a creditor with right of payment prior to the transfer.)
The legislature's adoption of the UFTA replaced the old fraudulent conveyance statute, § 52-552. Section 52-552 was held to be an adoption of the common law of fraudulent conveyances, but did not replace the common law remedy which continued to exist. See Molitor v. Molitor, 184 Conn. 530, 535,440 A.2d 215 (1981). Under the § 52-552/common law approach, to prove that a conveyance was fraudulent, the moving party had to show either that the conveyance was made without any substantial consideration and rendered the debtor unable to pay his existing debts, or that it was made with a fraudulent intent in which the grantee participated. Bizzoco v. Chinitz,193 Conn. 304, 312, 476 A.2d 572 (1984). "If the second alternative is proved, then every conveyance made with the actual intent to defraud either present or future creditors is fraudulent as to both present and future creditors . . . and will be set aside." (Citations omitted.) Rocklen, Inc. v. Radulesco,10 Conn. App. 271, 277-78, 522 A.2d 846 (1987).
The question before this court, is whether the UFTA, as adopted by the legislature, expressly abrogates the common law as to fraudulent conveyances in respect to future creditors. Though the UFTA has been addressed in regards to common law for other reasons; See Valeri v. Quijano, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No 700942 (March 12, 1996) (Wagner, J.) (as plaintiff's complaint as plaintiff's alleged a common law CT Page 1371 cause of action for fraudulent conveyance, the § 52-577
statute of limitations applied); the issue of whether the UFTA is in derogation of the common law appears to be one of first impression.
"In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope . . ." (Citations omitted.) Lynn v. Haybuster Mfg., Inc., 226 Conn. 282,289-90, 627 A.2d 1288 (1983). While the legislature's authority to abrogate the common law is undeniable, the courts will not lightly impute such an intent to the legislature. Munroe v. GreatAmerican Ins. Co., 234 Conn. 182, 187, 661 A.2d 581 (1995). "[C]ourts must discharge their responsibility, in case-by-case adjudication, to assure that the body of the law — both common and statutory — remains coherent and consistent." Fahy v.Fahy, 227 Conn. 505, 513-14, 630 A.2d 1328 (1993). "Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed." Lynn v. Haybuster Mfg., Inc., supra, 226 Conn. 290.
In regards to the statutes in question, certain sections seem to expressly limit fraudulent transfers to instances where "the creditor's claim arose before the transfer was made or the obligation was incurred . . ." General Statutes § 52-552e; See also § 52-552f. In this aspect, the language of §§ 52-552e and 52-552f, which is more limited then the original UFTA in that the Connecticut version does not specifically include future creditors, supports an argument that the legislature clearly and plainly sought to abrogate the common law.
Other parts of the same statutes, however, are not as clearly in derogation of the common law as the portion cited above. Under § 52-552e(a)(2)(B), for instance, a fraudulent transfer occurs where the debtor "intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." Likewise, §52-552e(b)(10) states that one of the considerations in determining whether a fraudulent transfer occurs with actual intent is whether the "transfer occurred shortly before or shortly after a substantial debt was incurred." In both cases, the language used indicates a possible situation, where, as in CT Page 1372 the present case, the actual transfer of property occurred before the debt actually became due, but after the transferor became aware of the possibility of a future debt arising. In this respect, the UFTA would seem to imply that some "future creditors" do have a cause of action.
Such an implication, however, is inconsistent and contradictory to the previously quoted language of the statute that seems to limit fraudulent transfers to present creditors. Read separately, the clauses of the statutes seem to provide for both present creditors and certain future creditors. Read together as a whole, the language limiting claims to present creditors seems irreconcilable with the statute's explicit recognition of present claims.
It is a well-known proposition of statutory construction that although the courts must first look to the language of the statute, the court may look beyond the text to determine a statute's meaning "if the application of the statute to a particular situation reveals a latent ambiguity or inconsistency." Castagno v. Wholean, 239 Conn. 336, 340,684 A.2d 1181 (1996).
The legislative history concerning the Connecticut version of the UFTA, unfortunately, sheds very little light on the inconsistencies within the statute or whether that statute was meant to clearly abrogate the common law of fraudulent transfers. On the contrary, the legislative history confuses that issue insofar as the legislators, in several instances, refer to the UFTA as expanding common law rights. See, S. Proc. 1991 Sess., p. 2963, comments of Senator Avallone ("[w]e have article 6 of the Uniform Commercial Code which has been repealed which also dealt with these instances of creditors, rights and in particular as they relate to transfers of property for less than adequate consideration. This bill tightens up existing law, expands common law rights of creditors, and, in fact, increases the rights of people to collect monies owed to them in the event someone tries to take property away which was available to the creditor"). See also, Conn. Judiciary Committee, Feb. 19, 1991, p. 192, comments of Houston Lowry ("UFTA codifies and expands on an existing Connecticut statute, 52-552").
On the other hand, the legislative history of the statute, in one instance, does discuss the distinction between present and future creditors, but does so in a limited context. See S. Proc., CT Page 1373 1991 Session, p. 2901, remarks of Senator Avallone ("[w]hat the amendment does is indicate that espousal transfers, any transfer between a husband and wife, even if it was for no consideration, which took place before the occurrence of a debt, would not be subject to a claim of fraudulent conveyance, if in fact, that particular loan had not been repaid. If that transfer takes place after the debt has been incurred, then it is subject to a fraudulent conveyance").
Again there appear to be inconsistencies in the scope of the statute. In several instances, the superior courts, without going into great detail, have suggested that the common law as to fraudulent conveyances continues to exist in addition to the UFTA. See Soucyv. Soucy, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 141716 (January 30, 1998) (Vertefeuille, J.); Valeri v. Quijano, supra, Superior Court, Docket No 700942;First Constitutional Bank v. Masotta, Superior Court, judicial district of New Haven at New Haven. At the present time, this court is not prepared to state that these observations lack persuasion and that the UFTA has expressly provided for the abrogation of the common law. In light of the fact that there is ambiguity in the UFTA statute as to whether the legislature has expressly removed the right of "future" creditors, and the fact that the legislative history supports the proposition that the UFTA seeks to expand the common law as to fraudulent transfers, this court finds that the legislature has not acted in a clear and plain manner so as to displace the common law right as to fraudulent transfers.
The court, therefore, finds that the plaintiff has standing to bring an action against the defendants under the common law. The defendants' motion to dismiss (in the form of a motion for partial summary judgment) is denied.
THE COURT
_________________ CURRAN, J.